**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number (if known) _____   Chapter  11

☐ Check if this an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Red Lobster Management LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **DBA  Red Lobster** |
| 3. | Debtor's federal Employer Identification Number (EIN) | 46-5136889 |
| 4. | Debtor's address | **Principal place of business**<br><br>**450 S. Orange Avenue**<br>**Suite 800**<br>**Orlando, FL 32801**<br>Number, Street, City, State & ZIP Code<br><br>**Orange**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.redlobster.com** |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor **Red Lobster Management LLC**     Case number (*if known*)
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **7225**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. Check **all** that apply:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

Debtor  **Red Lobster Management LLC**                                            Case number (*if known*)
         Name

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor    See attached Exhibit A                    Relationship
    District                              When         Case number, if known

11. **Why is the case filed in *this district*?**   Check all that apply:

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard?
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other
    **Where is the property?**
                                Number, Street, City, State & ZIP Code
    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency
             Contact name
             Phone

---

**Statistical and administrative information**

13. **Debtor's estimation of available funds**     Check one:

    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    ☐ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
    ☐ 50-99             ☐ 5001-10,000        ☐ 50,001-100,000
    ☐ 100-199           ☐ 10,001-25,000      ■ More than 100,000
    ☐ 200-999

15. **Estimated Assets**
    ☐ $0 - $50,000              ☐ $1,000,001 - $10 million         ☐ $500,000,001 - $1 billion
    ☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million        ■ $1,000,000,001 - $10 billion
    ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion
    ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million      ☐ More than $50 billion

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor     **Red Lobster Management LLC**                                                          Case number (*if known*)
               Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ■ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Red Lobster Management LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/19/2024
           MM / DD / YYYY

X  *[signature]*                              Jonathan Tibus
Signature of authorized representative of debtor     Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

X  /s/ Paul Steven Singerman                  Date  5/19/2024
Signature of attorney for debtor                    MM / DD / YYYY

Paul Steven Singerman 378860
Printed name

Berger Singerman LLP
Firm name

1450 Brickell Avenue
Suite 1900
Miami, FL 33131
Number, Street, City, State & ZIP Code

Contact phone  305-755-9500    Email address  singerman@bergersingerman.com

378860 FL
Bar number and State

**Exhibit A to Voluntary Petitions**

|     | Debtor Name [1]                      | TIN         | Date Filed   | Case Number | District                                                                   |
|-----|--------------------------------------|-------------|--------------|-------------|----------------------------------------------------------------------------|
| 1.  | Red Lobster Management LLC           | 46-5136889  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 2.  | Red Lobster Restaurants LLC          | 46-5134308  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 3.  | RLSV, Inc.                           | 46-5146180  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 4.  | Red Lobster Canada, Inc.             | 46-5304569  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 5.  | Red Lobster Hospitality LLC          | 46-5125297  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 6.  | RL Kansas LLC                        | 46-5132396  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 7.  | Red Lobster Sourcing LLC             | 46-5503075  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 8.  | Red Lobster Supply LLC               | 46-5459187  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 9.  | RL Columbia LLC                      | 46-5377825  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 10. | RL of Frederick, Inc.                | 52-1989184  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 11. | Red Lobster of Texas, Inc.           | 75-1421424  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 12. | RL Maryland, Inc.                    | 52-1757185  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 13. | Red Lobster of Bel Air, Inc.         | 52-1832240  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 14. | RL Salisbury, LLC                    | 47-1407836  | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |
| 15. | Red Lobster International Holdings LLC | 47-1204661 | May 19, 2024 | Pending     | U.S. Bankruptcy Court, Middle District of Florida (Orlando Division)       |

---

[1] For a detailed description of the relationship amongst the Debtors listed herein, please refer to the *Declaration of Jonathan Tibus in Support of Chapter 11 Petitions and First Day Relief* filed on the Petition Date.

12970032-1

**OMNIBUS ACTION BY WRITTEN CONSENT
OF
THE BOARDS OF MANAGERS
OF
RED LOBSTER MANAGEMENT LLC
RED LOBSTER RESTAURANTS LLC
RED LOBSTER HOSPITALITY LLC
RED LOBSTER SOURCING LLC
RED LOBSTER SUPPLY LLC
RL KANSAS LLC
RL COLUMBIA LLC
RL SALISBURY, LLC
RED LOBSTER INTERNATIONAL HOLDINGS LLC
AND
THE BOARDS OF DIRECTORS
OF
RLSV, INC.
RED LOBSTER CANADA, INC.
RED LOBSTER OF BEL AIR, INC.
RL MARYLAND, INC.
RL OF FREDERICK, INC.
RED LOBSTER OF TEXAS, INC.
AND
THE SOLE MEMBER AND SOLE STOCKHOLDER
OF
RED LOBSTER RESTAURANTS LLC
RED LOBSTER HOSPITALITY LLC
RED LOBSTER SOURCING LLC
RED LOBSTER SUPPLY LLC
RL KANSAS LLC
RED LOBSTER INTERNATIONAL HOLDINGS LLC
RLSV, INC.
RED LOBSTER CANADA, INC.
RL OF FREDERICK, INC.
RED LOBSTER OF TEXAS, INC.
AND
SOLE MANAGING MEMBER
OF
RL COLUMBIA LLC
RL SALISBURY, LLC
AND**

**SOLE VOTING STOCKHOLDER**

**OF**

**RED LOBSTER OF BEL AIR, INC.**
**RL MARYLAND, INC.**

May 19, 2024

  The undersigned, being the sole member, sole stockholder, sole managing member or sole voting stockholder, as applicable, of each of the boards of managers and the boards of directors (together, the "Boards"), as applicable, of each of Red Lobster Management LLC, a Delaware limited liability company ("Management"), Red Lobster Restaurants LLC, a Delaware limited liability company ("Restaurants"), Red Lobster Hospitality LLC, a Delaware limited liability company ("Hospitality"), Red Lobster Sourcing LLC, a Delaware limited liability company ("Sourcing"), Red Lobster Supply LLC, a Delaware limited liability company ("Supply"), RL Kansas LLC, a Kansas limited liability company ("Kansas"), RL Columbia LLC, a Maryland limited liability company ("Columbia"), RL Salisbury, LLC, a Maryland limited liability company ("Salisbury"), RLSV, Inc., a Florida corporation ("RLSV"), Red Lobster Canada, Inc., a Delaware corporation ("Canada"), Red Lobster of Bel Air, Inc., a Maryland corporation ("Bel Air"), RL Maryland, Inc., a Maryland corporation ("Maryland"), RL of Frederick, Inc., a Maryland corporation ("Frederick"), Red Lobster of Texas, Inc., a Texas corporation ("Texas"), and Red Lobster International Holdings, LLC, a Delaware limited liability company ("International", and, collectively with Management, Restaurants, Hospitality, Sourcing, Supply, Kansas, Columbia, Salisbury, RLSV, Canada, Bel Air, Maryland, Frederick and Texas, the "Companies" and each, a "Company"), hereby adopts the following resolutions as an action of the Boards of each Company, and directs that this omnibus action by written consent be filed with the minutes and proceedings of the Boards and, as applicable, the sole member, sole stockholder, sole managing member or sole voting stockholder of the Companies:

  WHEREAS, the Boards have reviewed and considered the operational condition of the Companies and the business of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies;

  WHEREAS, the Boards have received, reviewed and considered recommendations of the Companies' legal and financial advisors as to the relative risks and benefits of seeking relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), and the Boards have had an opportunity to consult with the legal and financial advisors of the Companies and has considered each of the strategic alternatives available to the Companies;

  WHEREAS, in the business judgment of the Boards, it is in the best interests of the Companies, their equityholders, their creditors, and other parties in interest for and the Boards desire that (i) each of the Companies file a voluntary petition seeking relief pursuant to chapter 11 of the Bankruptcy Code (the cases commenced by such voluntary petitions being the "Chapter 11 Cases") in a court of proper jurisdiction (the "Bankruptcy Court") and (ii) Red Lobster

Management LLC, in its capacity as a foreign representative of the Companies, file an application for recognition of the Chapter 11 Cases under Part IV of the *Companies' Creditors Arrangement Act (Canada)* ("CCAA"), in each case to address such Company's financial issues;

WHEREAS, the Boards have reviewed and considered that certain Secured Superpriority Debtor-In-Possession Financing Agreement (the "Postpetition Credit Agreement") by and among the Companies and Fortress Credit Corp., a Delaware corporation, as administrative agent ("Agent"), and the lenders party thereto (the "Lenders"), pursuant to which the Lenders shall provide post-petition secured financing to the Companies;

WHEREAS, after considering the recommendations of each of the Companies' advisors supporting the entry into the Postpetition Credit Agreement under the facts and circumstances facing such Company, the Boards have deemed it advisable and in the best interests of the Companies and their stakeholders to adopt and approve the Postpetition Credit Agreement and to consummate the transactions contemplated thereby;

WHEREAS, the Boards have reviewed and considered that certain Asset Purchase Agreement proposed to be entered into by and among a newly formed purchaser entity affiliated with the Lenders, Management and certain of Management's direct and indirect subsidiaries that are signatories thereto (the "Stalking Horse APA"), pursuant to which such purchaser has agreed, on the terms and subject to the conditions set forth therein, to purchase (via a credit bid) substantially all of the assets of the Companies (as further detailed in the Stalking Horse APA), subject to the Companies' right to terminate such agreement to accept a higher and better offer in connection with the auction contemplated as part of the Chapter 11 Cases; and

WHEREAS, after considering the recommendations of each of the Companies' advisors supporting the entry into the Stalking Horse APA under the facts and circumstances facing such Company, the Boards have deemed it advisable and in the best interests of the Companies and their stakeholders to adopt and approve the Stalking Horse APA and to consummate the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that any officer of each Company (each such Persons, an "Authorized Officer" and together, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, is hereby authorized and empowered on behalf of, and in the name of, the Companies to execute and verify or certify (i) a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as any such Authorized Officer executing the same shall determine and in such form or forms as any such Authorized Officer may approve, and (ii) an application for recognition of the Chapter 11 Cases under Part IV of the CCAA, and to cause the same to be filed at such time as any such Authorized Officer executing the same shall determine and in such form or forms as any such Authorized Officer may approve, in each case in such Authorized Officer's sole discretion after consultation with the Companies' counsel;

FURTHER RESOLVED, that the law firm of King & Spalding LLP with its principal office currently located at 1180 Peachtree Street, N.E., Atlanta, Georgia 30309, be, and hereby is, employed as counsel for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

Case 6:24-bk-02486-GER   Doc 1   Filed 05/19/24   Page 10 of 13

FURTHER RESOLVED, that the law firm of Berger Singerman LLP with its principal office currently located at 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, be, and hereby is, employed as Florida co-counsel for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the law firm of Blake, Cassels & Graydon LLP with its office currently located at 119 Bay Street, Suite 4000, Commerce Court West, Toronto, Ontario, M5L 1A9, Canada, be, and hereby is, employed as local Canadian counsel for the Companies in connection with the prosecution of Red Lobster Management LLC's foreign recognition proceeding under Part IV of the CCAA;

FURTHER RESOLVED, that the advisory firm of Alvarez & Marsal North America, LLC with its office currently located at Monarch Tower, 3424 Peachtree Road NE, Suite 1500, Atlanta, GA 30326, be, and hereby is, employed to provide a chief executive officer, a chief restructuring officer and other restructuring personnel for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the investment bank of Hilco Corporate Finance, LLC with its principal office currently located at 401 N. Michigan Avenue, Suite 1630, Chicago, Illinois 60611, be, and hereby is, employed as lead investment banker for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that Epiq Corporate Restructuring, LLC ("Epiq"), with its principal office currently located at 777 Third Avenue, 12th Floor, New York New York 10017, be, and hereby is, employed as claims and noticing agent for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that Keen-Summit Capital Partners LLC ("Keen"), with its principal office currently located at 1 Huntington Quadrangle, Suite 2004, Melville, New York 11747, be, and hereby is, employed as real estate advisor for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to prepare (or cause to be prepared), execute and file (or cause to be filed) any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, to take any and all such other and further actions which any Authorized Officer or the Companies' legal counsel may deem necessary, desirable or appropriate in connection with (i) filing the voluntary petition for relief under chapter 11 of the Bankruptcy Code, including, but not limited to, motions to obtain the use of cash collateral and to incur debtor-in-possession financing, and, upon authorization by the Boards as appropriate, to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case, and (ii) filing of the application for recognition under Part IV of the CCAA, including, and, upon authorization by the Boards as appropriate, to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the filing under Part IV of the CCAA, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to cause the Companies, and the Companies are hereby authorized, to incur

postpetition secured indebtedness in an amount determined to be necessary or advisable by any of such Authorized Officers to guaranty the obligations of the Companies in respect of such indebtedness, and to grant security interests and priming liens in favor of the Agent and the Lenders in any and all assets and properties of the Companies pursuant to one or more security agreements to secure such indebtedness, and each such Authorized Officer is hereby authorized to negotiate, execute and deliver the Postpetition Credit Agreement, such guaranties and security agreements, and the Companies are authorized to perform all of their obligations and agreements thereunder (including the repayment of any amount owing thereunder) and to consummate the transactions contemplated thereby, and each such Authorized Officer is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which he or she deems necessary, proper or desirable in connection therewith, pursuant to which substantially all of the assets of the Companies will be pledged to the Agent as collateral under the Postpetition Credit Agreement, in each case, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer shall approve in his or her sole discretion (such approval to be conclusively evidenced by the execution of the Postpetition Credit Agreement and such other instruments and agreements);

FURTHER RESOLVED, that the execution and delivery (including, in each case, by electronic signature and/or electronic transmission) of the Stalking Horse APA and such other transaction documents contemplated thereby, the consummation of the transactions contemplated thereby, and the performance of such Companies' obligations thereunder, be, and each of them hereby is, in all respects, authorized, approved, adopted, ratified, and confirmed by the Boards in respect of such Companies and in respect of such Companies' capacity as the sole member, sole stockholder, sole managing member or sole voting stockholder, as applicable any other of such Companies;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to cause the Companies party thereto, and such Companies are hereby authorized, to enter into the Stalking Horse APA, and each such Authorized Officer is hereby authorized to negotiate, execute and deliver the Stalking Horse APA and such other transaction documents contemplated thereby, and the Companies are authorized to perform all of their obligations and agreements thereunder and to consummate the transactions contemplated thereby, and each such Authorized Officer is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which he or she deems necessary, proper or desirable in connection therewith, in each case, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer shall approve in his or her sole discretion (such approval to be conclusively evidenced by the execution of the Postpetition Credit Agreement and such other instruments and agreements);

FURTHER RESOLVED, that each Authorized Officer is hereby authorized to take or cause to be taken, in the name and on behalf of such Companies, all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered, in the name and on behalf of such Companies, all such other agreements, documents and instruments and to incur and pay all such fees and expenses as such Authorized Officer deems necessary or appropriate in order to give full effect to the Transaction and related transactions contemplated by the Stalking Horse APA and the other transaction documents contemplated thereby;

FURTHER RESOLVED, that each Authorized Person is hereby authorized and directed, in the name and on behalf of such Companies, to take all such other actions deemed necessary or appropriate in order to comply with the applicable laws of any jurisdiction, and with any rules, regulations and other requirements of any court or governmental, regulatory or administrative agency or instrumentality, with respect to the transactions contemplated by the Stalking Horse APA and the other transaction documents contemplated thereby;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and promptly following the filing of the Companies' cases under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of (i) King & Spalding, LLP as counsel, (ii) Berger Singerman LLP as Florida co-counsel, (iii) Blake, Cassels & Graydon LLP as local Canadian counsel, (iv) Alvarez & Marsal North America, LLC to provide a chief executive officer, chief restructuring officer and other personnel, (v) Epiq as claims and noticing agent, (vi) Hilco Corporate Finance, LLC as lead investment bank and (vii) Keen as real estate advisor in connection with its cases under chapter 11 of the Bankruptcy Code and Part IV of the CCAA, as applicable;

FURTHER RESOLVED, that the Authorized Officers of the Companies be, and each of them hereby is, authorized and directed on behalf of the Companies to take such actions and to make, sign, execute, acknowledge, deliver and perform (and record in a relevant office of the county clerk, if necessary) any and all such agreements, affidavits, orders, directions, certificates, requests, receipts, financing statements or other instruments, as may be necessary, desirable, or appropriate in the reasonable discretion of any such Authorized Officer to give effect to the foregoing resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to perform fully the terms and provisions thereof;

FURTHER RESOLVED, that the Companies be, and hereby are, authorized to pay all fees and expenses incurred by it or for its account in connection with the actions approved in any or all of the foregoing resolutions, and all actions related thereto, and each Authorized Officer be, and each of them hereby is, authorized, empowered and directed to cause the Companies to make said payments as each such Authorized Officer may deem necessary, appropriate, advisable or desirable, such payment to constitute conclusive evidence of such Authorized Officer's determination and approval of the necessity, appropriateness, advisability or desirability thereof; and

FURTHER RESOLVED, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken previously by any Authorized Officers or employees of the Companies on their behalf, such actions are hereby ratified, approved and confirmed in their entirety; and

FURTHER RESOLVED, that this omnibus action by written consent may be executed and delivered by electronic transmission with the same effect as delivery of an original.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned has executed this action by written consent effective as of the date first written above.

*[signature]*
Lawrence Hirsh, in his capacities as Manager of Red Lobster Management LLC, Red Lobster Restaurants LLC, Red Lobster Hospitality LLC, Red Lobster Sourcing LLC, Red Lobster Supply LLC, RL Kansas LLC, RL Columbia LLC, RL Salisbury, LLC and Red Lobster International Holdings, LLC, and as Director of RLSV, Inc., Red Lobster Canada, Inc., Red Lobster of Bel Air, Inc., RL Maryland, Inc., RL of Frederick, Inc., Red Lobster of Texas, Inc.

RED LOBSTER RESTAURANTS LLC, RED LOBSTER HOSPITALITY LLC, RED LOBSTER SOURCING LLC, RED LOBSTER SUPPLY LLC, RL KANSAS LLC, RL COLUMBIA LLC, RL SALISBURY, LLC AND RED LOBSTER INTERNATIONAL HOLDINGS, LLC, RLSV, INC., RED LOBSTER CANADA, INC., RED LOBSTER OF BEL AIR, INC., RL MARYLAND, INC., RL OF FREDERICK, INC., RED LOBSTER OF TEXAS, INC., in their capacity as the sole member, sole stockholder, sole managing member or sole voting stockholder, as applicable, of the applicable Companies

By: *[signature]*
Name: Lawrence Hirsch
Title: Authorized Signatory