**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |
| Debtors._____/ | (Joint Administration Pending) |

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

The above-captioned debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1, file this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

12891154-2

authorizing the joint administration of their chapter 11 cases.  In support of this Motion, the Debtors rely upon the *Declaration of Jonathan Tibus in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") which has been filed with the Court on or about the date hereof and incorporated herein by reference, and respectfully represent as follows:

### Preliminary Statement

1. The Debtors estimate that, among the fifteen (15) debtor entities, that there exist in excess of 100,000 creditors and parties-in-interest in these chapter 11 bankruptcy cases. Joint administration will allow for the efficient and convenient administration of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest.  In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court.  The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein). The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their creditors would not oppose the relief requested herein, which seeks procedural relief only.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 of the Bankruptcy Rules

and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

## Background

4. On May 19, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7. The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rule 1015-1.

8. The Debtors specifically request that their chapter 11 cases be jointly administered under the case of Red Lobster Management LLC.

9. The Debtors also request that if the cases are initially assigned to different judges, that the cases are transferred to the judge to whom the lowest numbered case was assigned.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b). In addition, section 105 of the Bankruptcy Code provides that the Court may "issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions" of chapter 11.  11 U.S.C. §105.

11. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  The Debtors operate as an integrated business with common ownership and control.  The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors.

12. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004);  *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982).  While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

14. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint

administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified. Given the foregoing, joint administration of these chapter 11 cases will not give rise to any conflict of interest among the estates in these cases and will allow for a more cost efficient and streamlined process.

15. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Red Lobster Management LLC; (ii) Red Lobster Restaurants LLC; (iii) RLSV, Inc.; (iv) Red Lobster Canada, Inc; (v) Red Lobster Hospitality LLC; (vi) RL Kansas LLC; (vii) Red Lobster Sourcing LLC; (viii) Red Lobster Supply LLC; (vix) RL Columbia LLC; (x) RL of Frederick, Inc.; (xi) Red Lobster of Texas, Inc.; (xii) RL Maryland, Inc.; (xiii) Red Lobster of Bel Air, Inc.; (xiv) RL Salisbury, LLC; and (xv) Red Lobster International Holdings LLC. The docket of Red Lobster Management LLC (Case No. 6:24-bk-02486-GER) should be consulted for all matters affecting this case.

16. Therefore, a single docket shall be maintained by the Clerk of the Court under the case number of the case designated herein as the "lead case."

17. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as **Exhibit A**, which contains the applicable requirements of Local Rule 1015-1, (i) granting this Motion; (ii) authorizing the joint administration of these chapter 11 cases for procedural purposes only; and (iii) granting such other and further relief as is just and equitable.

Dated:  May 19, 2024

W. Austin Jowers (*pro hac vice* pending)
Jeffrey R. Dutson (*pro hac vice* pending)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* pending)
Brooke L. Bean (*pro hac vice* pending)
Taeyeong Kim (*pro hac vice* pending)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
    jdutson@kslaw.com
    sprimrose@kslaw.com
    christopher.coleman@kslaw.com
    bbean@kslaw.com
    tkim@kslaw.com

– and –

Michael Fishel (*pro hac vice* pending)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

Respectfully submitted,

*/s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

- and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone:  (407) 749-7900
Email:  nvilmos@bergersingerman.com

*Filer's Attestation:  Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Proposed Counsel for Debtors and Debtors-in-Possession*

# **EXHIBIT A**

**(Proposed Order)**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |
| | |
| Debtors. _____/ | (Joint Administration Pending) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

12891300-2

## ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

**THIS CASE** came before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. ___] (the "Motion") filed by the above captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration[2], good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is

**ORDERED** that:

1.  The Motion is **GRANTED**.

2.  The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. The case of Red Lobster Management LLC, Case No. 6:24-bk-02486-GER is designated as the "Lead Case."

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

12891300-2         2

3. The Clerk of the Court shall maintain a single case docket using the Lead Case number.

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. Except as set forth below, all papers, including, without limitation, motions, applications, notices, monthly operating reports, and orders shall be filed in the Lead Case and shall bear the following jointly administered caption:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC, | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

  Debtors.
_____/

6. A docket entry shall be made by the Clerk of Court in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Red Lobster Management

12891300-2                                      3

LLC; (ii) Red Lobster Restaurants LLC; (iii) RLSV, Inc.; (iv) Red Lobster Canada, Inc; (v) Red Lobster Hospitality LLC; (vi) RL Kansas LLC; (vii) Red Lobster Sourcing LLC; (viii) Red Lobster Supply LLC; (vix) RL Columbia LLC; (x) RL of Frederick, Inc.; (xi) Red Lobster of Texas, Inc.; (xii) RL Maryland, Inc.; (xiii) Red Lobster of Bel Air, Inc.; (xiv) RL Salisbury, LLC; and (xv) Red Lobster International Holdings LLC. The docket of Red Lobster Management LLC (Case No. 6:24-bk-02486-GER) should be consulted for all matters affecting this case.

7. The following papers shall be filed in each jointly administered case, captioned with the name and case number for that particular case:

   a. Lists of creditors pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure;

   b. Schedules and statements of financial affairs, and any amendments thereto;

   c. Claims (and any objections to claims and notices relating to transfers of claims);

   d. Ballots (if separate plans are filed); and

   e. Motions for final decree.

8. Each of the jointly administered Debtors shall file separate monthly operating reports to be docketed in the Lead Case.

9. Papers and orders that pertain to one or more specific Debtor(s) shall be filed in the Lead Case, however, the caption of the paper or order shall designate the specific Debtor(s) to which the paper or order applies.

10. The caption of the paper and or order shall be in the following form:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC, | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |

12891300-2                                           4

| | |
|---|---|
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

    Debtors.
_____/

[Specific Debtor's Name]                              [Specific Case Number]

_____/

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

12. The Debtors shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

6

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

12891300-2 6