## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:                                                      Chapter 11 Cases

RED LOBSTER MANAGEMENT LLC,[1]           Case No. 6:24-bk-_____
RED LOBSTER RESTAURANTS LLC,             Case No. 6:24-bk-_____
RLSV, INC.,                              Case No. 6:24-bk-_____
RED LOBSTER CANADA, INC.                 Case No. 6:24-bk-_____
RED LOBSTER HOSPITALITY LLC              Case No. 6:24-bk-_____
RL KANSAS LLC                            Case No. 6:24-bk-_____
RED LOBSTER SOURCING LLC                 Case No. 6:24-bk-_____
RED LOBSTER SUPPLY LLC                   Case No. 6:24-bk-_____
RL COLUMBIA LLC                          Case No. 6:24-bk-_____
RL OF FREDERICK, INC.                    Case No. 6:24-bk-_____
RED LOBSTER OF TEXAS, INC.               Case No. 6:24-bk-_____
RL MARYLAND, INC.                        Case No. 6:24-bk-_____
RED LOBSTER OF BEL AIR, INC.             Case No. 6:24-bk-_____
RL SALISBURY, LLC,                       Case No. 6:24-bk-_____
RED LOBSTER INTERNATIONAL HOLDINGS LLC,  Case No. 6:24-bk-_____

          Debtors.                                  (Joint Administration Pending)
_____/

## DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING (A) REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE REJECTION DATE, (B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES IN THE SCHEDULES ATTACHED TO EXHIBIT A OF THIS MOTION. THE ATTACHED EXHIBIT "A" LISTS THE NAME OF EACH PARTY TO A LEASE ALPHABETICALLY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this fourth omnibus motion ("Motion"), and pursuant to section 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby request the entry of an order authorizing, but not directing, the Debtors to (i) reject certain unexpired leases of non-residential real property (collectively, the "Rejected Leases") set forth on **Exhibit A** effective as of the date the Court grants the relief requested herein  (the "Rejection Date"), (ii) abandon, effective as of the Rejection Date, any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment that remains, as of the Rejection Date, on any of the premises (collectively, the "Leased Premises") subject to the Rejected Leases, and (iii) fix a bar date for claims, if any, of the counterparties to each Rejected Lease (the "Counterparties").  In support of the Motion, the Debtors rely upon the *Declaration of Jonathan Tibus in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), which was filed on or about the date hereof, and is incorporated herein by reference, and represent as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 365(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 and 6007.

## Background

**A.      General Background**

4.      On May 19, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

**B.      The Leases**

7.      The Debtors currently operate approximately 570 casual seafood restaurants primarily located across the United States and Canada with nearly 36,000 employees.

8.      With the assistance of Keen-Summit Capital Partners LLC ("Keen Summit"), the Debtors' real estate advisor, the Debtors' lease rationalization process has accelerated in recent weeks in connection with the Debtors' broader restructuring efforts. Keen Summit has aided in the Debtors' review and identification of Leases that are likely to continue to drive losses for the Debtors and should be rejected. The Debtors' meticulous, well-considered lease rejection plan is centered on value maximization.

9.      In order to manage their business and assets responsibly and economically, the Debtors seek to reject unexpired leases of nonresidential property, which are a burden on the Debtors and their estates.   To that end, the Debtors have identified the Rejected Leases as leases

that the Debtors do not anticipate needing in order to operate their business going forward and can be rejected as of the Rejection Date.

10.      The Debtors are currently occupying the Leased Premises, but intend to vacate the Leased Premises on, or prior to, the Rejection Date. The Rejected Leases require the payment of base monthly rent, applicable sales taxes, and prorated common area and real estate tax expenses associated with each applicable location. The Debtors have determined, in their business judgment, to reject the Rejected Leases and abandon any remaining Personal Property (defined below), effective as of the Rejection Date, so as to avoid the incurrence of continued rental obligations related to the Rejected Leases or the Leased Premises.

## **Relief Requested**

11.      By this Motion, the Debtors seek entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtors' rejection of the Rejected Leases, effective as of the Rejection Date, (b) confirming that any furniture, fixtures and equipment or other assets remaining at each Leased Premises (collectively, the "Personal Property") not removed by the Rejection Date or otherwise within the time agreed upon by and among the Debtors and the Counterparty of the applicable Leased Premises (unless extended by agreement among the Debtors and the applicable Counterparty) are deemed abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the applicable lease for the Leased Premises, the applicable Counterparty shall be permitted to use or dispose of such abandoned Personal Property remaining at such Leased Premises without notice or liability to the Debtors or any third person or entity, and (c) fixing a bar date for claims, if any, of the Counterparties.

4

12.     The Debtors have concluded that the Rejected Leases are not necessary for a sale, and have determined that continued performance under the Rejected Leases would constitute an unnecessary drain upon the financial resources of Debtors' cash (on account of all future rents and any related expenses for the Rejected Leases that would otherwise accrue). In addition, the Debtors seek to abandon, effective as of the Rejection Date, any Personal Property that remains on any of the Leased Premises. The Debtors respectfully submit that this related relief is necessary and appropriate.

13.     To the extent notice of the Debtors' intention to reject the Rejected Leases has not been previously provided, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Rejected Leases listed on **Exhibit A**.

**Basis for Relief**

**A.     Rejection of the Rejected Leases, Effective as of the Rejection Date, Reflects the Debtors' Sound Business Judgment.**

14.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co*., 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc*., 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re TOUSA, Inc*., 598 Fed. App'x 761, 763 n. 3 (11th Cir. March 26, 2015) (unpublished).

15.     The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998).  The

United States Court of Appeal for the Eleventh Circuit has noted that the decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See In Re Gardinier, Inc*., 831 F.2d 974, 976, n. 2 (11ᵗʰ Cir. 1987); *Colony Beach & Tennis Club, Inc. v. Colony Beach & Tennis Club Ass'n (In re Colony Beach & Tennis Club Ass'n, Inc.)*, Case No. 8:09-cv- 535-T-33, 2010 WL 746708, at *8 (M.D. Fla. March 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of a debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim, or caprice.'") (citing *In re Surfside Resort and Suites, Inc.,* 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005) (internal citations omitted); *Surfside Resort and Suites*, 325 B.R. at 469; *In re Weaver Oil Co., Inc.,* No. 08-40379-LMK, 2008 WL 8202063, 2008 Bankr. LEXIS 4159, at *4-5 (Bankr. N.D. Fla. Nov. 17, 2008); *See In re Summit Land Co*., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"); *see also NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc*., 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

16.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). So long as the decision to

6

assume or reject is a reasonable exercise of business judgment, the court should approve the assumption or rejection of an unexpired lease. *See also NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523, 550-51 (1943).

17.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

18.     The Debtors seek authority, but not direction, to reject the Rejected Leases, in accordance with principles of sound business judgment and the circumstances of these cases.  The Rejected Leases are, and will continue to be, a burden to the Debtors' estates.  The Debtors will vacate the Leased Premises on, or prior to, the Rejection Date, as the Rejected Leases no longer provide any net economic benefit to the Debtors' estates.

19.     Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases. As a result, the Debtors have determined that the cost to the Debtors of continuing to occupy the Leased Premises under the Rejected Leases, and of performing the Debtors' obligations under the Rejected Leases and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Leases is, thus, in the best interests of the Debtors' estates and their

creditors. For all of the above reasons, the Debtors submit that rejection of the Rejected Leases is in the best interests of the Debtors' estates and their creditors, and other parties in interest.

**B.      Authorizing the Debtors to Abandon any Personal Property Remaining at the Leased Premises as of the Rejection Date is Appropriate.**

20.      In the event that any Personal Property remains on any of the Leased Premises as of the Rejection Date, the Debtors request authority to abandon such Personal Property, pursuant to section 554(a) of the Bankruptcy Code, with such abandonment being effective as of the Rejection Date.

21.      Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in this case.

22.      The Debtors submit that any abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Personal Property. For the avoidance of doubt, the Debtors will not abandon any Personal Property containing any personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including, but not limited to, an individual's name, social security number, date of birth, government-issued identification number, account number, and credit or debit card number). As a result, the Debtors have determined, in

8

their business judgment, that the abandonment of any such Personal Property, effective as of the Rejection Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

**C.      Claims Bar Date**

23.      As set forth above, the Counterparties may seek to assert claims in connection with the Rejected Leases or the rejection or termination of the Rejected Leases.

24.      Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

25.      The Debtors further request by this Motion that the Court fix the claims bar date with respect to the Rejected Leases to be the later of (i) the claims bar date to be established by the Court for all holders of general unsecured claims or (ii) thirty (30) days after the Rejection Date, failing which such claim or claims by the Counterparties shall be forever barred.

26.      The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

## **Reservation of Rights**

27.      Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses, or counterclaims with respect to any of the Rejected Leases. Nor does anything contained herein constitute an acknowledgement that a particular Rejected Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof. Further, nothing contained herein is intended or shall be construed as: (i) an admission as to the

validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtors that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtors' rights under the Bankruptcy Code, any other applicable law or any agreement; or (vii) an admission or concession by the Debtors that any lien is valid, and the Debtors expressly reserve and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

      **WHEREFORE**, the Debtors respectfully request that the Court enter an Order in the form attached hereto as **<u>Exhibit B</u>** granting the relief requested herein and granting such other and further relief as is just and proper.

*[Intentionally Blank]*

Dated:    May 20, 2024

W. Austin Jowers (pro hac vice pending)
Jeffrey R. Dutson (pro hac vice pending)
Sarah Primrose (Bar No. 98742)
Christopher K. Coleman (pro hac vice pending)
Brooke L. Bean (pro hac vice pending)
Taeyeong Kim (pro hac vice pending)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:    (404) 572-4600
Email:    ajowers@kslaw.com
        jdutson@kslaw.com
        sprimrose@kslaw.com
        christopher.coleman@kslaw.com
        bbean@kslaw.com
        tkim@kslaw.com

– and –

Michael Fishel (pro hac vice pending)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:    (713) 751-3200
Email:    mfishel@kslaw.com

Respectfully submitted,

*/s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:    (305) 755-9500
Email: singerman@bergersingerman.com

-  and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 749-7900
Email: nvilmos@bergersingerman.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Proposed Counsel for Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**

**Rejected Leases**

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 1) | RED LOBSTER RESTAURANTS LLC | SILVER SPRING SERIES, A SERIES OF OWL'S NEST PROPERTIES, LLC<br>4204 PYLES FORD ROAD<br>ATTN: ARCHITE E. SIMMONS, JR.<br>GREENVILLE, DELAWARE 19807 | RL1_0496 | LEASE FOR STORE #496<br>309 ROCKY RUN PARKWAY, TALLEYVILLE, DELAWARE |
| 2) | RED LOBSTER RESTAURANTS LLC | SPADEA INC<br>C/O NURAN STEHMERS<br>EXECUTOR OF THE ESTATE OF JOHN D LAGRECO<br>FAIRFIELD, CONNECTICUT 06824-1755 | RL1_0061 | LEASE FOR STORE #61<br>12235 SAINT CHARLES ROCK RD, BRIDGETON, MISSOURI |
| 3) | RED LOBSTER HOSPITALITY LLC | SPM ACQUISITION LLC<br>C/O ATTN OFFICE COORDINATOR<br>500 SOUTHPARK CTR<br>STRONGSVILLE, OHIO 44136-9320 | RL1_6312 | LEASE FOR STORE #6312<br>17227 SOUTHPARK CENTER, STRONGSVILLE, OHIO |
| 4) | RED LOBSTER HOSPITALITY LLC | SUPERIOR STEEL STUDS INC<br>C/O SS SMALL MOUTH PARKERSBURG LLC<br>2960 WOODBRIDGE AVE<br>EDISON, NEW JERSEY 08837-3406 | RL1_0716 | LEASE FOR STORE #716<br>3705 MURDOCK AVENUE, PARKERSBURG, WEST VIRGINIA |
| 5) | RED LOBSTER RESTAURANTS LLC | SWB-LYNN HOLDINGS LLC<br>136 GLENWOOD ROAD<br>P.O. BOX 401<br>ATTN: STEVE BIRBACH<br>GLENWOOD LANDING, NEW YORK 11547 | RL1_0296 | LEASE FOR STORE #296<br>821 LYNNHAVEN PKWY, VIRGINIA BEACH, VIRGINIA |
| 6) | RED LOBSTER HOSPITALITY LLC | TAYLOR & MONROE LLC<br>19370 COLLINS AVENUE CU1<br>SUNNY ISLES BEACH, FLORIDA 33160 | RL1_6340 | LEASE FOR STORE #6340<br>2475 HIGHWAY 27 SOUTH, CLERMONT, FLORIDA |
| 7) | RED LOBSTER RESTAURANTS LLC | TED AND MARIAS PLAZA LLC<br>518 S LAURELTREE DR<br>ANAHEIM, CALIFORNIA 92808-1626 | RL1_0697 | LEASE FOR STORE #697<br>4500 CENTRAL AVENUE, HOT SPRINGS, ARKANSAS |
| 8) | RED LOBSTER RESTAURANTS LLC | THE PAUL FAMILY TRUST DATED JUNE 19, 1997<br>31 VALENCIA ROAD<br>ATTN: BISHWENDU PAUL<br>ORINDA, CALIFORNIA 94563 | RL1_0393 | LEASE FOR STORE #393<br>3301 S. COLLEGE AVE., FORT COLLINS, COLORADO |
| 9) | RED LOBSTER RESTAURANTS LLC | THE R&T WEATHERBY FAMILY TRUST<br>PATRICIA A WEATHERBY TRUSTEE AND MARY KATHERINE DARIN<br>39629 N 106TH ST<br>SCOTTSDALE, ARIZONA 85262-3384 | RL1_6339 | LEASE FOR STORE #6339<br>4415 S. LABURNUM AVE, RICHMOND, VIRGINIA |
| 10) | RED LOBSTER RESTAURANTS LLC | THE RAPHAEL FAMILY WOOSTER STREET COMPANY LLC<br>C/O GARBRIEL RAPHAEL<br>201 OCEAN AVE UNIT 1504P<br>SANTA MONICA, CALIFORNIA 90402-1453 | RL1_0482 | LEASE FOR STORE #482<br>3306 N ELIZABETH STREET, PUEBLO, COLORADO |
| 11) | RED LOBSTER HOSPITALITY LLC | THE STEVE HONGDUR LIN AND CAROL YAO LIN REVOCABLE TRUST DTD 7/22/94<br>360 SWIFT AVENUE<br>SUITE 21<br>SOUTH SAN FRANCISCO, CALIFORNIA 94080 | RL1_0383 | LEASE FOR STORE #383<br>2040 ABORN ROAD, SAN JOSE, CALIFORNIA |

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 12) | RED LOBSTER RESTAURANTS LLC | THF MAPLEWOOD OUTPARCEL DEVELOPMENT, LLC 211 NORTH STADIUM BLVD., SUITE 201 COLUMBIA, MISSOURI 65203 | RL1_6324 | LEASE FOR STORE #6324 2381 MAPLEWOOD COMMONS DRIVE, MAPLEWOOD, MISSOURI |
| 13) | RED LOBSTER RESTAURANTS LLC | VERA LLC 7704 MAPLERIDGE DRIVE PLANO, TEXAS 75024 | RL1_0402 | LEASE FOR STORE #402 3885 N SHILOH DRIVE, FAYETTEVILLE, ARKANSAS |
| 14) | RED LOBSTER RESTAURANTS LLC | VEREIT OPERATING PARTNERSHIP LP DBA ARCP RL OG SALISBURY MD LLC PO BOX 103127 PASADENA, CALIFORNIA 91189-0153 | RL1_0615 | LEASE FOR STORE #615 2314 N SALISBURY BLVD, SALISBURY, MARYLAND |
| 15) | RED LOBSTER HOSPITALITY LLC | VEREIT OPERATING PARTNERSHIP LP DBA VEREIT REAL ESTATE LP PO BOX 103127 PASADENA, CALIFORNIA 91189-0153 | RL1_0864 | LEASE FOR STORE #864 2760 S. HIGHWAY 6, HOUSTON, TEXAS |
| 16) | RED LOBSTER HOSPITALITY LLC | VEREIT C/O REALTY INCOME CORPORATION 11995 EL CAMINO REAL ATTN: LEGAL DEPARTMENT SAN DIEGO,  92130 | RL1_0845 | LEASE FOR STORE #845 2500 S. BEULAH BLVD., FLAGSTAFF, ARIZONA |
| 17) | RED LOBSTER RESTAURANTS LLC | VEREIT C/O REALTY INCOME CORPORATION 11995 EL CAMINO REAL ATTN: LEGAL DEPARTMENT SAN DIEGO, CALIFORNIA 92130 | RL1_0599 | LEASE FOR STORE #599 4115 CHESAPEAKE SQUARE BLVD, CHESAPEAKE, VIRGINIA |
| 18) | RED LOBSTER HOSPITALITY LLC | VILLAGES/ACORN INVESTMENTS, LTD 940 LAKE SHORE DRIVE, SUITE 200 THE VILLAGES, FLORIDA 32162 | RL1_6345 | LEASE FOR STORE #6345 3830 WEDGEWOOD LANE, THE VILLAGES, FLORIDA |
| 19) | RED LOBSTER HOSPITALITY LLC | WILD REALTY 3, LLC C/O WILDENSTEIN & CO., INC. 689 FIFTH AVE., 4TH FLOOR ATTN: KARI HOROWITZ, CFO NEW YORK,  10022 | RL1_0386 | LEASE FOR STORE #386 1381 S.W. LOOP 410, SAN ANTONIO, TEXAS |
| 20) | RED LOBSTER HOSPITALITY LLC | WORLD CLASS INVESTMENTS, LLC 9241 SW 140 ST MIAMI, FLORIDA 33176 | RL1_6373 | LEASE FOR STORE #6373 11550 SW 88TH ST, MIAMI, FLORIDA |

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| IN RE: | Chapter 11 Cases |
|---|---|
| RED LOBSTER MANAGEMENT LLC, [1] | Case No. 6:24-bk-_____ |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-_____ |
| RLSV, INC., | Case No. 6:24-bk-_____ |
| RED LOBSTER CANADA, INC. | Case No. 6:24-bk-_____ |
| RED LOBSTER HOSPITALITY LLC | Case No. 6:24-bk-_____ |
| RL KANSAS LLC | Case No. 6:24-bk-_____ |
| RED LOBSTER SOURCING LLC | Case No. 6:24-bk-_____ |
| RED LOBSTER SUPPLY LLC | Case No. 6:24-bk-_____ |
| RL COLUMBIA LLC | Case No. 6:24-bk-_____ |
| RL OF FREDERICK, INC. | Case No. 6:24-bk-_____ |
| RED LOBSTER OF TEXAS, INC. | Case No. 6:24-bk-_____ |
| RL MARYLAND, INC. | Case No. 6:24-bk-_____ |
| RED LOBSTER OF BEL AIR, INC. | Case No. 6:24-bk-_____ |
| RL SALISBURY, LLC, | Case No. 6:24-bk-_____ |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC | Case No. 6:24-bk-_____ |

Debtors.                                    (Joint Administration Pending)

_____/

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661).  The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

13000469-4

**ORDER GRANTING DEBTOR'S FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING (A) REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE REJECTION DATE, (B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES**

**THIS MATTER** came before the Court on [•] [•], 2024 at [•] [a.m./p.m.], in Orlando, Florida for a hearing (the "Hearing")[2], upon the *Debtors' Fourth Omnibus Motion for Order Authorizing (A) Rejection of Unexpired Leases of Non-Residential Real Property Effective as of the Rejection Date, (B) Abandonment of Any Remaining Personal Property Located at the Leased Premises, and (C) Fixing a Bar Date for Claims of Counterparties* [ECF No. [•]] (the "Motion"). The Motion seeks entry of an order authorizing, but not directing, the above-captioned debtors (the "Debtors") to (a) reject the unexpired leases listed on Exhibit "A" to the Motion (the "Rejected Leases") and set forth in **Exhibit 1** hereto, effective as of the Rejection Date, (b) abandon any remaining Personal Property located at the Leased Premises, and (c) fix a bar date for filing of claims of the Counterparties to the Rejected Leases. The Court, having considered the Motion, finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this matter is core pursuant to 28 U.S.C. § 157(b)(2), (iv) the Court may enter a final order consistent with Article III of the United States Constitution, and (v) notice of the Motion and the Hearing thereon was sufficient under the circumstances and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

      1.      The Motion is **GRANTED**.

      2.      The Rejected Leases listed on **<u>Exhibit 1</u>** attached hereto are rejected as of [insert date of hearing] (hereinafter, the "<u>Rejection Date</u>").

      3.      The Debtors are authorized to abandon any Personal Property remaining at each Leased Premises pursuant to section 554(a) of the Bankruptcy Court effective as of the Rejection Date without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment as of the Rejection Date, the Counterparty is permitted to use or dispose of any remaining property at such Leased Premises without notice or liability to the Debtors or any third person or entity. To the extent the Debtors seek to abandon Personal Property that contain any "personally identifiable information", as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "<u>Confidential Information</u>"), the Debtors shall remove the Confidential Information from such property before abandonment.

      4.      Absent further Order of the Court, the Counterparty for each Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Lease or the rejection, breach or termination of such Rejected Lease by the later of (i) the claims bar date [to be] already established by the Court for all holders of general unsecured claims or (ii) thirty (30) days after the Rejection Date, failing which such claim or claims by the Counterparty shall be forever barred absent further Order of the Court. The Debtors reserve all rights to contest any such claim and to contest the characterization of each Rejected Lease, as executory or not.

13000469-4

5.      The Debtors do not waive any claims that the Debtors may have against the Counterparty to any Rejected Lease, whether or not such claims are related to such Rejected Lease.

6.      Nothing herein shall prejudice the rights of the Debtors or any party in interest to argue that any of the Rejected Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8.      Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

9.      Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

13000469-4

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

12.     Notwithstanding Bankruptcy Rule 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

**Exhibit 1**

**Rejected Leases**

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 1) | RED LOBSTER RESTAURANTS LLC | SILVER SPRING SERIES, A SERIES OF OWL'S NEST PROPERTIES, LLC<br>4204 PYLES FORD ROAD<br>ATTN: ARCHITE E. SIMMONS, JR.<br>GREENVILLE, DELAWARE 19807 | RL1_0496 | LEASE FOR STORE #496<br>309 ROCKY RUN PARKWAY, TALLEYVILLE, DELAWARE |
| 2) | RED LOBSTER RESTAURANTS LLC | SPADEA INC<br>C/O NURAN STEHMERS<br>EXECUTOR OF THE ESTATE OF JOHN D LAGRECO<br>FAIRFIELD, CONNECTICUT 06824-1755 | RL1_0061 | LEASE FOR STORE #61<br>12235 SAINT CHARLES ROCK RD, BRIDGETON, MISSOURI |
| 3) | RED LOBSTER HOSPITALITY LLC | SPM ACQUISITION LLC<br>C/O ATTN OFFICE COORDINATOR<br>500 SOUTHPARK CTR<br>STRONGSVILLE, OHIO 44136-9320 | RL1_6312 | LEASE FOR STORE #6312<br>17227 SOUTHPARK CENTER, STRONGSVILLE, OHIO |
| 4) | RED LOBSTER HOSPITALITY LLC | SUPERIOR STEEL STUDS INC<br>C/O SS SMALL MOUTH PARKERSBURG LLC<br>2960 WOODBRIDGE AVE<br>EDISON, NEW JERSEY 08837-3406 | RL1_0716 | LEASE FOR STORE #716<br>3705 MURDOCK AVENUE, PARKERSBURG, WEST VIRGINIA |
| 5) | RED LOBSTER RESTAURANTS LLC | SWB-LYNN HOLDINGS LLC<br>136 GLENWOOD ROAD<br>P.O. BOX 401<br>ATTN: STEVE BIRBACH<br>GLENWOOD LANDING, NEW YORK 11547 | RL1_0296 | LEASE FOR STORE #296<br>821 LYNNHAVEN PKWY, VIRGINIA BEACH, VIRGINIA |
| 6) | RED LOBSTER HOSPITALITY LLC | TAYLOR & MONROE LLC<br>19370 COLLINS AVENUE CU1<br>SUNNY ISLES BEACH, FLORIDA 33160 | RL1_6340 | LEASE FOR STORE #6340<br>2475 HIGHWAY 27 SOUTH, CLERMONT, FLORIDA |
| 7) | RED LOBSTER RESTAURANTS LLC | TED AND MARIAS PLAZA LLC<br>518 S LAURELTREE DR<br>ANAHEIM, CALIFORNIA 92808-1626 | RL1_0697 | LEASE FOR STORE #697<br>4500 CENTRAL AVENUE, HOT SPRINGS, ARKANSAS |
| 8) | RED LOBSTER RESTAURANTS LLC | THE PAUL FAMILY TRUST DATED JUNE 19, 1997<br>31 VALENCIA ROAD<br>ATTN: BISHWENDU PAUL<br>ORINDA, CALIFORNIA 94563 | RL1_0393 | LEASE FOR STORE #393<br>3301 S. COLLEGE AVE., FORT COLLINS, COLORADO |
| 9) | RED LOBSTER RESTAURANTS LLC | THE R&T WEATHERBY FAMILY TRUST<br>PATRICIA A WEATHERBY TRUSTEE AND MARY KATHERINE DARIN<br>39629 N 106TH ST<br>SCOTTSDALE, ARIZONA 85262-3384 | RL1_6339 | LEASE FOR STORE #6339<br>4415 S. LABURNUM AVE, RICHMOND, VIRGINIA |
| 10) | RED LOBSTER RESTAURANTS LLC | THE RAPHAEL FAMILY WOOSTER STREET COMPANY LLC<br>C/O GARBRIEL RAPHAEL<br>201 OCEAN AVE UNIT 1504P<br>SANTA MONICA, CALIFORNIA 90402-1453 | RL1_0482 | LEASE FOR STORE #482<br>3306 N ELIZABETH STREET, PUEBLO, COLORADO |
| 11) | RED LOBSTER HOSPITALITY LLC | THE STEVE HONGDUR LIN AND CAROL YAO LIN REVOCABLE TRUST DTD 7/22/94<br>360 SWIFT AVENUE<br>SUITE 21<br>SOUTH SAN FRANCISCO, CALIFORNIA 94080 | RL1_0383 | LEASE FOR STORE #383<br>2040 ABORN ROAD, SAN JOSE, CALIFORNIA |

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 12) | RED LOBSTER RESTAURANTS LLC | THF MAPLEWOOD OUTPARCEL DEVELOPMENT, LLC<br>211 NORTH STADIUM BLVD., SUITE 201<br>COLUMBIA, MISSOURI 65203 | RL1_6324 | LEASE FOR STORE #6324<br>2381 MAPLEWOOD COMMONS DRIVE, MAPLEWOOD, MISSOURI |
| 13) | RED LOBSTER RESTAURANTS LLC | VERA LLC<br>7704 MAPLERIDGE DRIVE<br>PLANO, TEXAS 75024 | RL1_0402 | LEASE FOR STORE #402<br>3885 N SHILOH DRIVE, FAYETTEVILLE, ARKANSAS |
| 14) | RED LOBSTER RESTAURANTS LLC | VEREIT OPERATING PARTNERSHIP LP<br>DBA ARCP RL OG SALISBURY MD LLC<br>PO BOX 103127<br>PASADENA, CALIFORNIA 91189-0153 | RL1_0615 | LEASE FOR STORE #615<br>2314 N SALISBURY BLVD, SALISBURY, MARYLAND |
| 15) | RED LOBSTER HOSPITALITY LLC | VEREIT OPERATING PARTNERSHIP LP<br>DBA VEREIT REAL ESTATE LP<br>PO BOX 103127<br>PASADENA, CALIFORNIA 91189-0153 | RL1_0864 | LEASE FOR STORE #864<br>2760 S. HIGHWAY 6, HOUSTON, TEXAS |
| 16) | RED LOBSTER HOSPITALITY LLC | VEREIT<br>C/O REALTY INCOME CORPORATION<br>11995 EL CAMINO REAL<br>ATTN: LEGAL DEPARTMENT<br>SAN DIEGO,  92130 | RL1_0845 | LEASE FOR STORE #845<br>2500 S. BEULAH BLVD., FLAGSTAFF, ARIZONA |
| 17) | RED LOBSTER RESTAURANTS LLC | VEREIT<br>C/O REALTY INCOME CORPORATION<br>11995 EL CAMINO REAL<br>ATTN: LEGAL DEPARTMENT<br>SAN DIEGO, CALIFORNIA 92130 | RL1_0599 | LEASE FOR STORE #599<br>4115 CHESAPEAKE SQUARE BLVD, CHESAPEAKE, VIRGINIA |
| 18) | RED LOBSTER HOSPITALITY LLC | VILLAGES/ACORN INVESTMENTS, LTD<br>940 LAKE SHORE DRIVE, SUITE 200<br>THE VILLAGES, FLORIDA 32162 | RL1_6345 | LEASE FOR STORE #6345<br>3830 WEDGEWOOD LANE, THE VILLAGES, FLORIDA |
| 19) | RED LOBSTER HOSPITALITY LLC | WILD REALTY 3, LLC<br>C/O WILDENSTEIN & CO., INC.<br>689 FIFTH AVE., 4TH FLOOR<br>ATTN: KARI HOROWITZ, CFO<br>NEW YORK,  10022 | RL1_0386 | LEASE FOR STORE #386<br>1381 S.W. LOOP 410, SAN ANTONIO, TEXAS |
| 20) | RED LOBSTER HOSPITALITY LLC | WORLD CLASS INVESTMENTS, LLC<br>9241 SW 140 ST<br>MIAMI, FLORIDA 33176 | RL1_6373 | LEASE FOR STORE #6373<br>11550 SW 88TH ST, MIAMI, FLORIDA |