# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.

_____/

## DEBTORS' MOTION FOR ORDER (I) APPROVING PROCEDURES FOR DE MINIMIS ASSET SALES AND (II) GRANTING RELATED RELIEF

**(The Debtors respectfully request the Court to schedule a hearing on this Motion on Thursday, July 18, 2024, at 1:30 p.m., which is the date and time that the Court has already scheduled a hearing in these bankruptcy cases.)**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), by and through their proposed undersigned counsel, file this motion (the "Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors (i) to implement procedures for the sale of certain assets to a single buyer or group of related buyers with a sale price equal to or less than $100,000.00 (collectively, the "De Minimis Assets") in a total aggregate amount not to exceed the De Minimis Asset Sale Cap (as defined herein), free and clear of liens, claims, interests and encumbrances (collectively, "Liens") and (ii) to pay any documented, reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets, including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators, including any amount of proposed commission fees to be paid as disclosed in the Sale Notice (as defined herein). In support of this Motion, the Debtors rely on the *Declaration of Jonathan Tibus in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF No. 6] (the "First Day Declaration")[2] which is incorporated herein by reference, and respectfully state as follows:

### **Jurisdiction and Venue**

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought in this Motion are sections 105(a) and 363 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules").

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

**Background**

4.    On May 19, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.    On May 31, 2024, the Office of the United States Trustee for the Middle District of Florida (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "Creditors' Committee"). *See* ECF No. 250. No request has been made for the appointment of a trustee or examiner.

6.    The Debtors continue to operate their businesses and to manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

**Relief Requested**

8.    By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the implementation of procedures by which the Debtors may: (a) effectuate the sale of the De Minimis Assets in any individual transaction or a series of related transactions to a single buyer or a group of related buyers with a sale price equal to or less than $100,000.00, free and clear of all Liens, with such Liens attaching to the proceeds with the same validity, extent and priority as had attached to the De Minimis Assets immediately prior to the sale, pursuant to the De Minimis Asset Sale Procedures (as described below); and (b) pay any documented, reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets, including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators, including any amount of proposed commission fees to be paid as disclosed in the Sale Notice.

**Basis for Relief**

9.      In connection with the day-to-day operation of their businesses, the Debtors have

accumulated certain miscellaneous De Minimis Assets, including, but not limited to, liquor

licenses, restaurant furniture, computer and other restaurant related equipment, spare or other

unusable parts and inventory, and various other personal property.  In the exercise of their sound

business judgment, the Debtors have determined that the prompt sale of De Minimis Assets without

the need for further Court approval is in the best interests of their estates and creditors because it

will maximize recoveries by reducing administrative expenses in connection therewith and

conserve the resources of both this Court and the Debtors by avoiding the need for serial motions

to approve sales which fall below a certain value threshold.  Accordingly, by this Motion, the

Debtors seek approval of the procedures described herein to complete the sale of De Minimis

Assets on an expedited basis without the need for obtaining further Court approval, so long as the

transaction and notice thereof fall within the parameters described below.

**The De Minimis Asset Sale Procedures**

10.      The Debtors seek authority to sell De Minimis Assets on the best terms available,

taking into consideration the exigencies and circumstances of each such transaction, pursuant to

the following procedures in any individual transaction or a series of related transactions to a single

buyer or a group of related buyers, where none is an insider (as that term is defined in section

101(31) of the Bankruptcy Code), with an aggregate total transaction value less than or equal to

$100,000.00 (collectively, the "De Minimis Asset Sale Procedures"):

> (a)      The Debtors are authorized to consummate a sale of De Minimis Assets in
> any individual transaction or series of related transactions to a single buyer
> or a group of related buyers with an aggregate total transaction value less
> than or equal to $100,000.00 without further order of the Court if the
> Debtors determine in the reasonable exercise of their business judgment and
> in consultation with the DIP Secured Parties and the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") that such sales are in the best interests of the estates, subject to the procedures set forth herein.

(b)     Any such transactions shall be, without the need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction and to the extent permitted by the Bankruptcy Code and applicable non-bankruptcy law, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority, and subject to the same defenses as had attached to the De Minimis Assets immediately prior to the transaction.

(c)     The Debtors shall, at least ten (10) calendar days prior to closing any such sale, give written notice of such transaction (a "<u>Sale Notice</u>") *via* hand delivery, overnight mail or email to: (i) any known directly affected creditor(s), including counsel to any entity asserting a Lien or other interest in the relevant De Minimis Assets, if known; (ii) the U.S. Trustee; (iii)(x) counsel for the Committee: Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com), and Pack Law, P.A., 51 Northeast 24th Street, Suite 108, Miami, Florida 3313, Attn: Joe Pack (joe@packlaw.com) and Jessey Krehl (jessey@packlaw.com), and (y) counsel for any statutory committee if appointed (each, an "<u>Official Committee</u>"); and (iv) counsel to the Prepetition Agent and DIP Agent as follows: Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale (cdale@proskauer.com), Eleven Times Square, New York, New York 10036, Attn: Michael M. Mezzacappa (mmezzacappa@proskauer.com), Megan Volin (mvolin@proskauer.com) and Dylan J. Marker (dmarker@proskauer.com), and Trenam Law, 101 East Kennedy Boulevard, Suite 2700, Tampa, Florida 33602, Attn: Lara Roeske Fernandez (LFernandez@trenam.com) (each, a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>").

(d)     The content of the Sale Notice sent to the Notice Parties will consist of: (i) identification of the De Minimis Assets being sold; (ii) identification of the purchaser of the assets and any relationship of such purchaser to the Debtors, if applicable; (iii) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets, if any; (iv) the purchase price; (v) the closing date; (vi) the material economic terms and conditions of the sale; (vii) any commissions, indemnities, fees, or similar expenses to be paid in connection with such transaction, including the terms, amounts and identities of beneficiary parties; (viii) identification of any known or suspected regulatory liabilities, filings or obligations associated with the De Minimis Assets, including the party to assume responsibility for such

liabilities, filings or obligations following the proposed sale; (ix) the aggregate amount of the Debtors' investment in the relevant De Minimis Assets, if known, or other value of such De Minimis Assets in the Debtors' books and records; and (x) instructions consistent with the terms described below regarding the procedures to assert objections to the proposed sale.

(e)     If the terms of a proposed sale or transaction are materially amended after the transmittal of the Sale Notice, the Debtors will transmit an amended Sale Notice (an "Amended Sale Notice") to the Notice Parties, after which the Notice Parties shall have an additional ten (10) calendar days to object to such sale or other disposition prior to closing such sale or effectuating such transaction; provided, that, for the avoidance of doubt, any change to the purchase price in connection with any sale or any change in retained liabilities of the Debtors in connection therewith shall be deemed material.

(f)     The Notice Parties will have the right to object to any such proposed sale of De Minimis Assets by notifying the Debtors in writing of such objection without the need to file a formal objection with the Court (the "Objection Notice"), not later than 5:00 p.m. (Prevailing Eastern Time) on the tenth (10th) calendar day after the date of service of the Sale Notice or Amended Sale Notice, as applicable, by the Debtors (the "Notice Period"), via hand delivery, overnight mail or email to the proposed co-counsel for the Debtors, (a) King & Spalding LLP, 1180 Peachtree Street, NE, Suite 1600, Atlanta, GA 30309 (Attn: Jeffrey R. Dutson, Esq., jdutson@kslaw.com) and (b) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq., singerman@bergersingerman.com). Each Objection Notice must state with specificity the grounds for the objection. The Debtors shall promptly notify the Notice Parties of any Objection Notice they receive (with email being sufficient).

(g)     If the Debtors do not receive an Objection Notice prior to the expiration of the Notice Period, then the applicable Debtor is authorized, without further notice and without further Court approval, to immediately consummate the proposed sale in accordance with the terms of the underlying contract(s) or other document(s). In addition, the applicable Debtor may consummate a proposed sale prior to the expiration of the applicable Notice Period if each Notice Party consents in writing (with email being sufficient) to the proposed transaction. Upon either (i) the expiration of the Notice Period without the receipt of any objection or (ii) the written consent of the Notice Parties, the proposed sale will be deemed final and fully authorized by the Court.

(h)     If the Debtors receive an Objection Notice prior to the expiration of the Notice Period, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice

Party shall have five (5) business days after being notified in writing by the Debtors that the objection has not been resolved to file a formal objection, and the matter shall be resolved by the Court (or by withdrawal of the formal objection) prior to the closing of the transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.

(i)    Good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(j)    Notwithstanding anything herein to the contrary, the De Minimis Asset Sale Procedures shall apply to sales of De Minimis Assets having a total value of $500,000.00 in the aggregate (the "De Minimis Asset Sale Cap"). To the extent the Debtors seek to consummate sales in excess of the De Minimis Asset Sale Cap, then such sales shall require either (a) a subsequent Court order authorizing the sales in excess of the De Minimis Asset Sale Cap or (b) the express written consent of the Debtors' DIP Secured Parties (with email being sufficient) and the Committee (with email being sufficient) and shall otherwise comply with the De Minimis Asset Sale Procedures.

11.    The Debtors will also file on the docket and provide a written report to the Notice Parties and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the month ending on June 30, 2024, and each calendar month thereafter, no later than ten (10) calendar days after the end of each month, concerning any sale of De Minimis Assets consummated during the preceding month pursuant to the De Minimis Asset Sale Procedures, including the names of the purchasing parties, as applicable, and the types and amounts of the transactions, and including the cumulative aggregate amount of all sales of De Minimis Assets consummated pursuant to the De Minimis Asset Sale Procedures prior to the date of the report.

12.    The establishment of the foregoing procedures is desirable and in the best interests of the Debtors' estates, their creditors, and other parties in interest in these Chapter 11 Cases. The sales of the De Minimis Assets will generate additional value and help preserve existing value for the benefit of the Debtors' estates and all parties in interest. These procedures will promote an efficient administration of these Chapter 11 Cases, reduce the costs of consummating any sale of

De Minimis Assets, and expedite the sale of more valuable assets in a manner that will provide the most benefit to the Debtors' estates and creditors.

**Applicable Authority**

**A.    The De Minimis Asset Sale Procedures Are Appropriate Under Section 363(b) of the Bankruptcy Code.**

13.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate ...." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the debtors' sound business judgment. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (stating rule); *In re Chateaugay Corp.*, 973 F.2d 141, 145 (2d Cir. 1992) (approval of section 363(b) sale is appropriate if "good business reason[s]" exist for such sale).

14.    The De Minimis Asset Sale Procedures set forth herein reflect a reasonable exercise of the Debtors' business judgment. Courts generally will accord significant deference to a debtor's business judgment to use or sell assets outside the ordinary course of business. *See In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests."); *see also In re Glob. Crossing, Ltd.*, 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the caselaw."). Requiring the Debtors to file a motion with the Court each time the Debtors seek to sell certain De Minimis Assets would distract the Debtors from their restructuring efforts and force them to incur unnecessary costs that

8

would reduce whatever value might be realized from the sale or acquisition of such assets. The De Minimis Asset Sale Procedures also afford those creditors with an interest in the De Minimis Assets the opportunity to object to their sale and obtain a hearing if necessary, and the relief requested will not apply to sales of De Minimis Assets to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code.

**B.    Shortened Notice of the Proposed Sale of De Minimis Assets is Appropriate.**

15.     The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for a hearing "as is appropriate in the particular circumstances ...."). Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of twenty-one (21) days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code.

16.     Courts are authorized to shorten the twenty-one-day notice period generally applicable to asset sales, or direct another method of giving notice, upon a showing of "cause." *See* Fed. R. Bankr. P. 2002(a)(2). The usual process of obtaining court approval of each sale of De Minimis Assets (a) would create costs to the Debtors' estates that may undermine or eliminate the economic benefits of the underlying *de minimis* transactions; and (b) in some instances, may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time. The Debtors, therefore, propose to streamline the process and shorten the applicable notice periods as described herein to maximize the net value realized from sales of De Minimis Assets.

**C.    The De Minimis Asset Sale Procedures Are Appropriate Under Section 363(f) of the Bankruptcy Code.**

17.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:  (a) applicable non-bankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in *bona fide* dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

18.    The Debtors propose to sell the De Minimis Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales will fairly reflect the value of the property sold. The Debtors further propose that any party with a Lien on a De Minimis Asset sold pursuant to this Motion will have a corresponding security interest in the proceeds of such sale. Moreover, the Debtors propose that no objection to the entry of an order approving this Motion along with the failure to file a timely objection to a Sale Notice where applicable will be deemed "consent" to any sales pursuant to the Order within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales free and clear of Liens.

**D.    Sales of De Minimis Assets Should be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

19.    Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such purchaser knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.  *See* 11 U.S.C.

§ 363(m). Although the Bankruptcy Code does not define the meaning of a "good-faith purchaser," most courts have adopted a traditional equitable definition: "one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (quotation omitted). Typically, the misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Hoese Corp*. v. *Vetter Corp. (In re Vetter Corp.)*, 724 F.2d 52, 56 (7th Cir. 1983) (*quoting In re Rock Indus. Mach. Corp*., 572 F.2d 1195, 1198 (7th Cir. 1978)) (interpreting Bankruptcy Rule 805, the precursor to section 363(m)). Any sale or divestiture of De Minimis Assets pursuant to the De Minimis Asset Sale Procedures will be an arm's-length transaction entitled to the protections of section 363(m), and the Debtors request that section 363(m) be deemed to apply to each sale of De Minimis Assets in accordance with the De Minimis Asset Sale Procedures.

20.     The usual process of obtaining Court approval of each sale of De Minimis Assets: (a) would impose unnecessary administrative burdens on the Court and usurp valuable Court time at hearings; (b) would create costs to the Debtors' estates that may undermine or eliminate the economic benefits of the underlying transactions; and (c) in some instances may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time. On the other hand, the De Minimis Asset Sale Procedures will monetize non-core assets, protect the Debtors against the possible declining value of certain De Minimis Assets, and expedite the sale or acquisition of De Minimis Assets for the benefit of the Debtors' estates. Accordingly, the Debtors respectfully submit that the Court should approve the proposed De Minimis Asset Sale Procedures.

**<u>Reservation of Rights</u>**

21.     Nothing contained in this Motion or any order granting the relief requested in this Motion, herein, and no action taken pursuant to such relief requested or granted, is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) an implication, admission, or finding as to (i) the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on the property of any Debtor or its estate or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, for the reasons stated herein, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing and approving the De Minimis Asset Sale Procedures, pursuant to which any sale of De Minimis Assets will be free and clear of all Liens, and (ii) granting such other and further relief as the Court deems just and proper.

Dated:   June 25, 2024

Respectfully submitted,

W. Austin Jowers (*pro hac vice* admitted)
Jeffrey R. Dutson (*pro hac vice* admitted)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* admitted)
Brooke L. Bean (*pro hac vice* admitted)
Taeyeong Kim (*pro hac vice* admitted)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
          jdutson@kslaw.com
          sprimrose@kslaw.com
          christopher.coleman@kslaw.com
          bbean@kslaw.com
          tkim@kslaw.com

– and –
Michael Fishel (*pro hac vice* admitted)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

*/s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

-  and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
111 N. Magnolia Avenue
Suite 1450
Orlando, FL 32801
Telephone: (407) 743-7900
Email: nvilmos@bergersingerman.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*[Counsel for Debtors and Debtors-in-Possession]*

# EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

RED LOBSTER MANAGEMENT LLC,[1]          Case No. 6:24-bk-02486-GER

                                                          Jointly Administered with

RED LOBSTER RESTAURANTS LLC,           Case No. 6:24-bk-02487-GER
RLSV, INC.,                                               Case No. 6:24-bk-02488-GER
RED LOBSTER CANADA, INC.,                  Case No. 6:24-bk-02489-GER
RED LOBSTER HOSPITALITY LLC,             Case No. 6:24-bk-02490-GER
RL KANSAS LLC,                                       Case No. 6:24-bk-02491-GER
RED LOBSTER SOURCING LLC,                 Case No. 6:24-bk-02492-GER
RED LOBSTER SUPPLY LLC,                     Case No. 6:24-bk-02493-GER
RL COLUMBIA LLC,                                  Case No. 6:24-bk-02494-GER
RL OF FREDERICK, INC.,                          Case No. 6:24-bk-02495-GER
RED LOBSTER OF TEXAS, INC.,               Case No. 6:24-bk-02496-GER
RL MARYLAND, INC.,                               Case No. 6:24-bk-02497-GER
RED LOBSTER OF BEL AIR, INC.,            Case No. 6:24-bk-02498-GER
RL SALISBURY, LLC,                               Case No. 6:24-bk-02499-GER
RED LOBSTER INTERNATIONAL HOLDINGS LLC,    Case No. 6:24-bk-02500-GER

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

Debtors.

_____/

## ORDER GRANTING DEBTORS' MOTION
## FOR ORDER (I) APPROVING PROCEDURES FOR
## DE MINIMIS ASSET SALES AND (II) GRANTING RELATED RELIEF

**THIS CASE** came before the Court for a hearing on [•], 2024, at [•] in Orlando, Florida

(the "Hearing"), upon the *Debtors' Motion for Order (I) Approving Procedures for De Minimis*

*Asset Sales and (II) Granting Related Relief* [ECF No. [•]] (the "Motion")[2] filed by the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks entry

of an order authorizing and approving the De Minimis Asset Sale Procedures, pursuant to which

any sale of De Minimis Assets will be free and clear of all Liens. The Court finds that: (i) it has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) it may enter a final order consistent

with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were appropriate under

the circumstances and no other notice need be provided; (vi) the relief requested in the Motion is

in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

(vii) upon review of the record before the Court, including the legal and factual bases set forth in

the Motion and the First Day Declaration and the record of the Hearing, all of which are

incorporated herein, the Court determines that good and sufficient cause exists to grant the relief

requested in the Motion. Accordingly, it is

**ORDERED** that:

1.    The Motion is **GRANTED**, as set forth herein.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell De Minimis Assets on the best terms available, taking into consideration the exigencies and circumstances of each such transaction, pursuant to the following procedures in any individual transaction or a series of related transactions to a single buyer or a group of related buyers, where none is an insider (as that term is defined in section 101(31) of the Bankruptcy Code), with an aggregate total transaction value less than or equal to $100,000.00 (collectively, the "De Minimis Asset Sale Procedures"):

(a)     The Debtors are authorized to consummate a sale of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or a group of related buyers with an aggregate total transaction value less than or equal to $100,000.00 without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment and in consultation with the DIP Secured Parties and the Official Committee of Unsecured Creditors (the "Committee") that such sales are in the best interests of the estates, subject to the procedures set forth herein.

(b)     Any such transactions shall be, without the need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction and to the extent permitted by the Bankruptcy Code and applicable non-bankruptcy law, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority, and subject to the same defenses as had attached to the De Minimis Assets immediately prior to the transaction.

(c)     The Debtors shall, at least ten (10) calendar days prior to closing any such sale, give written notice of such transaction (a "Sale Notice") *via* hand delivery, overnight mail or email to: (i) any known directly affected creditor(s), including counsel to any entity asserting a Lien or other interest in the relevant De Minimis Assets, if known; (ii) the U.S. Trustee; (iii)(x) counsel for the Committee: Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com), and Pack Law, P.A., 51 Northeast 24th Street, Suite 108, Miami, Florida 3313, Attn: Joe Pack (joe@packlaw.com) and Jessey Krehl (jessey@packlaw.com), and (y) counsel for any statutory committee if appointed (each, an "Official Committee"); and (iv) counsel to the Prepetition Agent and DIP Agent as follows: Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale

3

(cdale@proskauer.com), Eleven Times Square, New York, New York 10036, Attn: Michael M. Mezzacappa (mmezzacappa@proskauer.com), Megan Volin (mvolin@proskauer.com) and Dylan J. Marker (dmarker@proskauer.com), and Trenam Law, 101 East Kennedy Boulevard, Suite 2700, Tampa, Florida 33602, Attn: Lara Roeske Fernandez (LFernandez@trenam.com) (each, a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>").

(d)     The content of the Sale Notice sent to the Notice Parties will consist of: (i) identification of the De Minimis Assets being sold; (ii) identification of the purchaser of the assets and any relationship of such purchaser to the Debtors, if applicable; (iii) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets, if any; (iv) the purchase price; (v) the closing date; (vi) the material economic terms and conditions of the sale; (vii) any commissions, indemnities, fees, or similar expenses to be paid in connection with such transaction, including the terms, amounts and identities of beneficiary parties; (viii) identification of any known or suspected regulatory liabilities, filings or obligations associated with the De Minimis Assets, including the party to assume responsibility for such liabilities, filings or obligations following the proposed sale; (ix) the aggregate amount of the Debtors' investment in the relevant De Minimis Assets, if known, or other value of such De Minimis Assets in the Debtors' books and records; and (x) instructions consistent with the terms described below regarding the procedures to assert objections to the proposed sale.

(e)     If the terms of a proposed sale or transaction are materially amended after the transmittal of the Sale Notice, the Debtors will transmit an amended Sale Notice (an "<u>Amended Sale Notice</u>") to the Notice Parties, after which the Notice Parties shall have an additional ten (10) calendar days to object to such sale or other disposition prior to closing such sale or effectuating such transaction; provided, that, for the avoidance of doubt, any change to the purchase price in connection with any sale or any change in retained liabilities of the Debtors in connection therewith shall be deemed material.

(f)     The Notice Parties will have the right to object to any such proposed sale of De Minimis Assets by notifying the Debtors in writing of such objection without the need to file a formal objection with the Court (the "<u>Objection Notice</u>"), not later than 5:00 p.m. (Prevailing Eastern Time) on the tenth (10th) calendar day after the date of service of the Sale Notice or Amended Sale Notice, as applicable, by the Debtors (the "<u>Notice Period</u>"), *via* hand delivery, overnight mail or email to the proposed co-counsel for the Debtors, (a) King & Spalding LLP, 1180 Peachtree Street, NE, Suite 1600, Atlanta, GA 30309 (Attn: Jeffrey R. Dutson, Esq., <u>jdutson@kslaw.com</u>) and (b) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq., <u>singerman@bergersingerman.com</u>). Each Objection Notice must state with specificity the grounds for the objection. The Debtors shall promptly notify

the Notice Parties of any Objection Notice they receive (with email being sufficient).

(g)     If the Debtors do not receive an Objection Notice prior to the expiration of the Notice Period, then the applicable Debtor is authorized, without further notice and without further Court approval, to immediately consummate the proposed sale in accordance with the terms of the underlying contract(s) or other document(s). In addition, the applicable Debtor may consummate a proposed sale prior to the expiration of the applicable Notice Period if each Notice Party consents in writing (with email being sufficient) to the proposed transaction. Upon either (i) the expiration of the Notice Period without the receipt of any objection or (ii) the written consent of the Notice Parties, the proposed sale will be deemed final and fully authorized by the Court.

(h)     If the Debtors receive an Objection Notice prior to the expiration of the Notice Period, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall have five (5) business days after being notified in writing by the Debtors that the objection has not been resolved to file a formal objection, and the matter shall be resolved by the Court (or by withdrawal of the formal objection) prior to the closing of the transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.

(i)     Good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(j)     Notwithstanding anything herein to the contrary, the De Minimis Asset Sale Procedures shall apply to sales of De Minimis Assets having a total value of $500,000.00 in the aggregate (the "De Minimis Asset Sale Cap"). To the extent the Debtors seek to consummate sales in excess of the De Minimis Asset Sale Cap, then such sales shall require either (a) a subsequent Court order authorizing the sales in excess of the De Minimis Asset Sale Cap or (b) the express written consent of the Debtors' DIP Secured Parties (with email being sufficient) and the Committee (with email being sufficient) and shall otherwise comply with the De Minimis Asset Sale Procedures.

3.     The Debtors will also file on the docket and provide a written report to the Notice Parties and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the month ending on June 30, 2024, and each calendar month thereafter until the effective date of any chapter 11 plan in these Chapter 11 Cases, no later than ten (10) calendar days after the end of each month, concerning any sale of De Minimis Assets consummated during the preceding month

pursuant to the De Minimis Asset Sale Procedures, including the names of the purchasing parties, as applicable, and the types and amounts of the transactions, and including the cumulative aggregate amount of all sales of De Minimis Assets consummated pursuant to the De Minimis Asset Sale Procedures prior to the date of the report.

4.      Sales of De Minimis Assets conducted in accordance with the De Minimis Asset Sale Procedures shall be deemed arm's-length transactions entitled to the protections of Bankruptcy Code section 363(m).

5.      Pursuant to Bankruptcy Code section 363(f), all sales of property pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to the proceeds of the sales with the same validity, priority, force and effect such Liens had on the property immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

6.      The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transactions contemplated hereby.

7.     No objection to the relief requested in the Motion combined with no timely objection to the sale of the De Minimis Assets in accordance with the terms of the De Minimis Asset Sale Procedures and this Order shall be deemed "consent" to such sale within the meaning of 11 U.S.C. § 363(f)(2).

8.     Notwithstanding anything to the contrary in the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral on a Limited Basis, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 127] (the "Interim DIP Order") or any subsequent interim order or final order entered by the Court in respect of the *Corrected Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 79] (collectively, such Interim DIP Order and any subsequent interim order or final order, collectively, the "DIP Orders"), any sale conducted pursuant to the De Minimis Asset Sale Procedures that is not objected to by the DIP Secured Parties in accordance with such De Minimis Asset Sale Procedures shall be deemed to have been conducted with the "consent" of the DIP Secured Parties as such term is used in section 7.1(b) of the DIP Credit Agreement.

9.     Notwithstanding anything contained in the Motion or this Order, any use of sale proceeds from the sale of De Minimis Assets pursuant to the authority granted herein, as well as the exercise of any and all other rights granted or approved hereunder, shall be subject to the requirements imposed on the Debtors under the DIP Orders and the Approved Budget (as defined in the DIP Orders).  Any net proceeds obtained by the Debtors from any sales of property shall be

7

applied as required by the DIP Documents (as defined in the DIP Orders).  To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the applicable DIP Order shall control.

10.     The Debtors are authorized to take all actions as they deem reasonably necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion, including paying any documented, reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets (including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators).

11.     Nothing contained herein shall prejudice the Debtors' right to seek Court authorization for the sale of any asset of the Debtors under section 363 of the Bankruptcy Code by separate motion.

12.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*

8