**ORDERED.**

**Dated: July 19, 2024**

<br>

Grace E. Robson
United States Bankruptcy Judge

<br>

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC, [1] | Case No. 6:24-bk-02486-GER |
| | Lead Case |
| | |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

RL MARYLAND, INC.,                                   Case No. 6:24-bk-02497-GER
RED LOBSTER OF BEL AIR, INC.,                        Case No. 6:24-bk-02498-GER
RL SALISBURY, LLC,                                   Case No. 6:24-bk-02499-GER
RED LOBSTER INTERNATIONAL HOLDINGS LLC,              Case No. 6:24-bk-02500-GER

      Debtors.

_____/

### ORDER GRANTING DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER AUTHORIZING (A) REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE REJECTION DATE, (B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES

**THIS CASE** came before the Court on July 18, 2024, at 1:30 p.m., in Orlando, Florida for a hearing (the "Hearing")[2], upon the *Debtors' Fourth Omnibus Motion for Order Authorizing (A) Rejection of Unexpired Leases of Non-Residential Real Property Effective as of the Rejection Date, (B) Abandonment of Any Remaining Personal Property Located at the Leased Premises, and (C) Fixing a Bar Date for Claims of Counterparties* [ECF No. 54] (the "Motion") and the Debtors' *Notice of Filing* a redline version of the proposed order on the Motion [ECF No. 585] ("Notice"). The Motion seeks entry of an order authorizing, but not directing, the above-captioned debtors (the "Debtors") to (a) reject the unexpired leases listed on Exhibit "A" to the Motion  effective as of the Rejection Date (as defined below), (b) abandon any remaining Personal Property located at the Leased Premises, and (c) fix a bar date for filing of claims of the Counterparties to the rejected leases and the Notice advises that following the filing of the Motion, negotiations between the Debtors and certain of the Counterparties have resulted in the Debtors proceeding with the relief requested in the Motion only as pertains to two (2) Leased Premises, as set forth on **Exhibit 1** attached hereto (the "Final Rejected Leases"). The Court, having considered the Motion and the Notice, finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this matter is core pursuant to 28 U.S.C. § 157(b)(2), (iv) the Court may enter a final order consistent with Article III of the United States Constitution, and (v) notice of the Motion,  the Hearing thereon and the Notice was sufficient under the circumstances and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion, as modified by the Notice and the representations made by Debtors' counsel at the Hearing, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Final Rejected Leases listed on **<u>Exhibit 1</u>** attached hereto are rejected effective as of the later of (i) the date of entry of this Order and (ii) the date the Debtors relinquish control of the applicable leased premises by notifying the affected landlord in writing of the Debtors' irrevocable surrender of the premises and (a) have turned over the keys, key codes, or security codes, if any, to the landlord or (b) have notified the landlord in writing that the key, key codes, or security codes, if any, are not available and that the landlord may re-key the leased premises (hereinafter, the "<u>Rejection Date</u>").

3.      The Debtors are authorized to abandon any Personal Property remaining at each Leased Premises associated with the Final Rejected Leases pursuant to section 554(a) of the Bankruptcy Court effective as of the Rejection Date without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment as of the Rejection Date, the Counterparty is permitted to use or dispose of any remaining property at such Leased Premises

without notice or liability to the Debtors or any third person or entity, and to the extent applicable, the automatic stay is modified to allow for such disposition. To the extent the Debtors seek to abandon Personal Property that contain any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

4.      Absent further Order of the Court, the Counterparty for each Final Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Final Rejected Lease or the rejection, breach or termination of such Final Rejected Lease by the later of (i) thirty (30) days after entry of this Order and (ii) the claims bar date established by the Court for all holders of general unsecured claims, failing which such claim or claims by the Counterparty shall be forever barred absent further Order of the Court. The Debtors reserve all rights to contest any such claim and to contest the characterization of each Final Rejected Lease, as executory or not.

5.      The Debtors do not waive any claims that the Debtors may have against the Counterparty to any Final Rejected Lease, whether or not such claims are related to such Final Rejected Lease.

6.      Nothing herein shall prejudice the rights of the Debtors or any party in interest to argue that any of the Final Rejected Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Final Rejected Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as

applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8.      Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

9.      Notwithstanding the foregoing, the Debtors' abandonment of their interests in any equipment or other Personal Property belonging to PepsiCo Sales, Inc., its affiliates, or affiliated bottlers (collectively, the "Pepsi Entities") shall not sever or otherwise impact any ownership interests of the Pepsi Entities in any equipment or Personal Property being abandoned or the rights of the Pepsi Entities with respect thereto.

10.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

13.     Notwithstanding Bankruptcy Rule 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

**<u>Exhibit 1</u>**

**Final Rejected Leases**

| Item # | Debtor Counterparty | Rejection Counterparty | Description of Contract |
|---|---|---|---|
| 1 | RED LOBSTER HOSPITALITY LLC | TAYLOR & MONROE LLC<br>19370 COLLINS AVENUE CU1<br>SUNNY ISLES BEACH, FLORIDA 33160 | LEASE FOR STORE #6340<br>2475 HIGHWAY 27 SOUTH, CLERMONT, FLORIDA |
| 2 | RED LOBSTER HOSPITALITY LLC | VILLAGES/ACORN INVESTMENTS, LTD<br>940 LAKE SHORE DRIVE, SUITE 200<br>THE VILLAGES, FLORIDA 32162 | LEASE FOR STORE #6345<br>3830 WEDGEWOOD LANE, THE VILLAGES, FLORIDA |