## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| | |
| | Jointly Administered with |
| | |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.

_____/

## DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) APPROVING CLAIMS OBJECTION PROCEDURES AND (II) AUTHORIZING ADDITIONAL CLAIM OBJECTION CATEGORIES FOR OMNIBUS CLAIM OBJECTIONS

### (Request for Expedited Hearing on July 26, 2024, at 10:00 a.m.)

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in

these chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, file

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

this motion (the "Motion") seeking the entry of an order, substantially in the form attached hereto as **Exhibit A**, (the "Proposed Order"), (i) approving the claims Objection Procedures (defined herein); (ii) authorizing the Debtors to file omnibus claims objections that add categories not included in Bankruptcy Rule 3007(d)(1)-(8); and (iii) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Sections 105(a), and 502 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"); Rule 3007(c)-(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 3007-1 of the Local Rules for the Middle District of Florida Bankruptcy Courts (the "Local Rules").

**Procedural Background**

4.      On May 19, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On May 31, 2024, the Office of the United States Trustee for the Middle District of Florida (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "Creditors' Committee"). *See* ECF No. 250. No request has been made for the appointment of a trustee or examiner.

6.      The Debtors continue to operate their businesses and to manage their affairs as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Jonathan Tibus in Support*

2

*of Debtors' Chapter 11 Petitions and First Day Relief* [ECF No. 6] (the "First Day Declaration").
Those facts are incorporated by reference herein.

8.    On May 22, 2024, this Court entered an order approving the retention of Epiq
Corporate Restructuring, LLC ("Epiq") as the Debtors' claims and noticing agent. [ECF No. 156].

9.    Pursuant to the *Notice of Chapter 11 Bankruptcy Case* entered on May 24, 2024 (the
"Notice"), the general claims bar date in these Chapter 11 Cases is July 28, 2024 (the "General Bar
Date"), and the deadline for all governmental agencies to file proofs of claim is November 15,
2024. [ECF No. 194].

10.    As of the date of this Motion, over [insert number] proofs of claim[2] have been filed
in these Chapter 11 Cases with Epiq.

### Proposed Objection Procedures

11.    The Debtors, with the assistance of their professionals, are in the process of
reviewing the Debtors' books and records (the "Books and Records") and reconciling the proofs
of claim with the Books and Records to determine the validity of the proofs of claim.

12.    To expedite and ultimately complete the claim reconciliation process in a timely,
efficient, and cost-effective manner, the Debtors seek to implement the procedures attached to the
Proposed Order as **Exhibit 1** (the "Objection Procedures"). The Objection Procedures
describe the key aspects of the Debtors' proposed claims objection process, including, among
other things:

      a.    the form of omnibus objection (each, an "Omnibus Objection") to be filed
         by the Debtors;

---

[2] The Debtors anticipate that additional proofs of claim will be filed prior to the General Bar Date.

b.  the types of exhibits and supporting documentation that the Debtors or any person or entity with the power to reconcile claims[3] (each, an "<u>Objecting Party</u>") will include with each Omnibus Objection;

c.  the form of the notice provided to affected creditors (the "<u>Objection Notice</u>");

d.  the information necessary for affected creditors to attempt to resolve the objection to their claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to an objection;

e.  information relating to filing a formal reply to a filed response;

f.  information relating to the consequences of not complying with the Objection Procedures for filing and serving a response; and

g.  information relating to discovery and hearings on Omnibus Objections.

13.  To protect the due process rights of creditors, the Debtors and any Objecting Party will comply with the procedural safeguards for omnibus claim objections set forth in Bankruptcy Rule 3007(e). The Debtors also intend to serve affected claimants with an Objection Notice, substantially in the form attached to the Proposed Order as **Exhibit 2**, which may also be used by any Objecting Party, and will include, in addition to the items required in Bankruptcy Rule 3007(e): (a) the name of the claimant; (b) the proof of claim number; (c) the basis of the objection to each particular claim; (d) the response deadline and response procedures; and (e) the date, time, and location of the hearing and related procedures.[4]

14.  The Debtors also request that claimants be permitted to file a withdrawal of proof of claim form (the "<u>Withdrawal of Claim Form</u>"), substantially in the form attached to the Proposed Order as **Exhibit 3**. The Debtors request that claimants be permitted to utilize the Withdrawal of Claim Form regardless of whether such claim is subject to a filed objection.

---

[3] For the avoidance of doubt, parties with the power to reconcile claims, the "Objecting Parties," shall be limited to parties identified in the Debtors' Plan (as subsequently defined) and acting within the parameters of the powers afforded to them through the Plan (as subsequently defined).

[4] While the Objection Notice generally will be in the form attached hereto, it may be tailored to address issues specific to particular creditors, claims, or objections as the Debtors or Objecting Party deem necessary and appropriate.

**<u>Relief Requested Pursuant to Bankruptcy Rule 3007(c)</u>**

15.    Although the Debtors expect to object to a number of claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain claims may necessitate objections on additional grounds not expressly set forth therein (collectively, the "<u>Additional Grounds</u>"), including such claims that, in whole or in part:

a.    are inconsistent with the Debtors' Books and Records;

b.    fail to specify the asserted claim amount (or only list or identify the claim amount as "unliquidated");

c.    seek recovery of amounts for which the Debtors are not liable;

d.    are incorrectly or improperly classified;

e.    have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

f.    have been withdrawn by informal writing (including email, text, or similar such means) between (i) the Debtors or the Objecting Party and (ii) the claimant, but have not been withdrawn by the submission of a Withdrawal of Claim Form in accordance with the Objection Procedures; provided that a copy of such informal writing be filed concurrently with the Omnibus Objection;

g.    are filed against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors;

h.    fail to specify a Debtor against whom the claim is asserted;

i.    are disallowed or subordinated to claims and interests pursuant to Section 510(b) of the Bankruptcy Code;

j.    are satisfied, assumed, reinstated, released, or disallowed under any chapter 11 plan of reorganization confirmed by this Court (a "<u>Plan</u>"), an order of this Court confirming a Plan (a "<u>Confirmation Order</u>") or any other order of this Court;

k.    are disallowed pursuant to Section 502 of the Bankruptcy Code;

l.    are unsigned;

m.    have not been timely filed;

n.      claims or interests that incorrectly assert priority, including as secured, administrative, or priority claims;

o.      assert a priority in an amount that exceeds the maximum amount under Section 507 of the Bankruptcy Code; or

p.      fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor.

16.      To minimize the cost, confusion, and delay otherwise attendant to preparing and filing individual objections on a claim-by-claim basis, the Debtors seek to object to certain claims on the Additional Grounds outlined above in an omnibus objection format. The relief sought in this motion will allow the Debtors to complete the claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the expense and delay attendant in preparing and filing hundreds of individualized objections based on the same or similar underlying grounds. Notably, the Objection Procedures protect creditors' due process rights by implementing the same safeguards for omnibus objections set forth in Bankruptcy Rule 3007(e) and the individualized noticing process described above.

## Basis for Relief

17.      Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title is deemed allowed, unless a party in interest. . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Under Section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim. . . is deemed filed under Section 501 of this title for any claim. . . that appears in the schedules. . . except a claim. . . that is scheduled as disputed, contingent or unliquidated."). As such, the Debtors must review all claims in these Chapter 11 Cases as part of their claims reconciliation process.

18.    In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.").

19.    Furthermore, Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under Section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree "when the facts of a case demand the court's equitable intervention," *In re Macko*, 193 B.R. 72, 75 (Bankr. M.D. Fla. 1996), so long as such powers are "exercised within the confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014) (citations and quotations omitted); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

20.    Authorizing the Debtors and the Objecting Parties to file omnibus objections to claims consistent with the Objection Procedures is an appropriate use of the Court's authority under Section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007 and Local Rule 3007-1; the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

21.    The proposed Objection Procedures would provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of claims by, among other

things: (a) providing greater certainty in administering the objection process; (b) promoting the consensual resolution of claims objections or, alternatively, establishing an efficient and fair mechanism to settle claims objections; and (c) reducing the cost, time, and delay of prosecuting claims objections. At the same time, the proposed Objection Procedures respect creditors' due process rights by, among other things, implementing the safeguards set forth for omnibus objections already authorized under Bankruptcy Rule 3007(e) and requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code.

22.     Similarly, allowing the Debtors and the Objecting Parties to object to claims on Additional Grounds in an omnibus format will promote the efficient and cost-effective administration of the Estates. Specifically, the relief requested herein will save the Debtors from the time and expense of filing potentially hundreds of individual claim objections, some of which could be duplicative and confusing to creditors. The relief requested will permit the Debtors to run a well-organized, efficient, and cost-effective claims objection process, and all parties in interest will benefit from a streamlined process that will result in fewer pleadings, fewer hearings, and greater efficiency.

**<u>Reservation of Rights</u>**

23.     Nothing contained in this Motion or any order granting the relief requested in this Motion, herein, and no action taken pursuant to such relief requested or granted, is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection

of any agreement, contract, or lease under Section 365 of the Bankruptcy Code; (e) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) an implication, admission, or finding as to (i) the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on the property of any Debtor or its estate or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated:    July 23, 2024

Respectfully submitted,

*/s/ Paul Steven Singerman*

Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

- and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 743-7900
Email: nvilmos@bergersingerman.com

W. Austin Jowers (*pro hac vice* admitted)
Jeffrey R. Dutson (*pro hac vice* admitted)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* admitted)
Brooke L. Bean (*pro hac vice* admitted)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
          jdutson@kslaw.com
          sprimrose@kslaw.com
          christopher.coleman@kslaw.com
          bbean@kslaw.com

– and –

Michael Fishel (*pro hac vice* admitted)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Counsel for Debtors and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.
_____/

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)**
**APPROVING CLAIMS OBJECTION PROCEDURES AND (II) AUTHORIZING**
**ADDITIONAL CLAIM OBJECTION CATEGORIES FOR OMNIBUS CLAIM**
**OBJECTIONS**

THIS CASE came before the Court on [_____], 2024, at [_:__] [_].m. in Orlando, Florida

for a hearing (the "Hearing") upon the *Debtors' Motion for Entry of an Order (I) Approving*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

1

*Omnibus Claims Objection Procedures and (II) Authorizing Additional Claims Objection Categories for Omnibus Claim Objections* [ECF No. __] (the "Motion") seeking entry of an order (i) approving the claims Objection Procedures (defined herein); (ii) authorizing the Debtors to file omnibus claims objections that add categories not included in Bankruptcy Rule 3007(d)(1)-(8); and (iii) granting related relief. The Court having considered the Motion, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and opportunity for a hearing thereon was sufficient under the circumstances and no other or further notice need be provided; (f) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (g) this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (h) upon all of the proceedings had before this Court; has determined that good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors and any person or entity with the powers to reconcile claims (each, an "Objecting Party") may file Omnibus Objections[2] that include objections to claims, including, but not limited to, any scheduled claims, on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

---

[2] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

3.      The Objection Procedures attached hereto as **<u>Exhibit 1</u>** are approved. The Debtors and any Objecting Party may file and prosecute any Omnibus Objections in accordance with the Objections Procedures and Bankruptcy Rule 3007(e).

4.      The form of Objection Notice attached hereto as **<u>Exhibit 2</u>** is approved.

5.      The withdrawal of proof of claim form (the "<u>Withdrawal of Claim Form</u>") attached hereto as **<u>Exhibit 3</u>** is hereby approved. Notwithstanding Bankruptcy Rule 3006, a creditor may use the Withdrawal of Claim Form to withdraw a claim regardless of whether such claim is subject to a filed objection.

6.      For the avoidance of doubt, the relief accorded herein shall also be available to the Debtors, any successor to the Debtors, and any Objecting Party, including, without limitation, any Objecting Party appointed pursuant to a confirmed chapter 11 plan of the Debtors (the "<u>Plan</u>"). To effectuate the relief accorded herein, if an Objecting Party is appointed pursuant to the Plan or otherwise, such Objecting Party shall automatically be deemed one of the "Notice Parties" (as defined in the Objection Procedures and Objection Notice) and the Objection Procedures and Objection Notice shall be revised to reflect the same.

7.      Notice of any Omnibus Objection provided in accordance with the Objection Procedures shall constitute, and shall be deemed, good and sufficient notice of any such Omnibus Objection.

8.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, extent, or priority of any claim asserted against the Debtors, in these Chapter 11 Cases, or as a waiver of any right of the Debtors and any Objecting Party, as applicable, to dispute the validity, nature, amount, extent, or priority of, or otherwise object to, either in the same or subsequent objections, on any grounds to any such claims.

9.    Nothing in this Order shall obligate the Debtors or any Objecting Party, as applicable, each in its sole discretion, to settle or pursue settlement of any particular claim. Settlement of claims may be negotiated and compromised by the Debtors or any Objecting Party, as applicable, each in its sole discretion (subject to applicable law, and, if applicable, the terms of the Plan).

10.    The Debtors and any Objecting Party are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

12.    The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to this Order.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*

## Exhibit 1

**Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.
_____/

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

1.    <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth

in Bankruptcy Rule 3007(d), the Debtors[2] and any other person or entity with the powers to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing Additional Claims Objection Categories for Omnibus Claim Objections* (the "<u>Motion</u>").

reconcile claims (each, an "Objecting Party") may file omnibus objections (each, an "Omnibus Objection") to claims on the grounds (the "Additional Grounds") that such claims, in part or in whole:

a.  are inconsistent with the Debtors' Book and Records;

b.  fail to specify the asserted claim amount (or only list or identify the claim amount as "unliquidated");

c.  seek recovery of amounts for which the Debtors are not liable;

d.  are incorrectly or improperly classified;

e.  have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

f.  have been withdrawn by informal writing (including email, text, or similar such means) between (i) the Debtors or the Objecting Party and (ii) the claimant, but have not been withdrawn by the submission of a Withdrawal of Claim Form in accordance with the Objection Procedures; *provided that* a copy of such informal writing be filed concurrently with the Omnibus Objection;

g.  are filed against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors;

h.  fail to specify a Debtor against whom the claim is asserted;

i.  are disallowed or subordinated to claims and interests pursuant to Section 510(b) of the Bankruptcy Code;

j.  are satisfied, assumed, reinstated, released, or disallowed under any chapter 11 plan of reorganization confirmed by this Court (a "Plan"), an order of this Court confirming a Plan (a "Confirmation Order") or any other order of this Court;

k.  are disallowed pursuant to Section 502 of the Bankruptcy Code;

l.  are unsigned;

m.  have not been timely filed;

n.  claims or interests that incorrectly assert priority, including as secured, administrative, or priority claims;

        o.      assert a priority in an amount that exceeds the maximum amount under Section 507 of the Bankruptcy Code; or

        p.      fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor.

2.    <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively by the Debtors or Objecting Party, as applicable, regardless of basis.

3.    <u>Supporting Documentation</u>. To the extent appropriate, Omnibus Objections shall include an affidavit or declaration that provides a factual basis for the Debtors' or the Objecting Party's, as applicable, objection to the claims, including from someone with personal knowledge of the Debtors' Books and Records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Debtors' Books and Records, and determined that the Books and Records do not reflect the debt or the amount of debt that is alleged in the claim.

4.    <u>Claims Exhibits</u>. An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the claims to which there is a common basis for the objection. Claims for which there is more than one basis for the objection may be referenced on each exhibit applicable thereto or additional objections may be cited by footnote. The exhibits will include, without limitation, the following information alphabetized by claimant:

        a.      the claims that are the subject of the Omnibus Objection and, if applicable, the proof of claim or scheduled claim number related thereto from the claims register;

        b.      the asserted amount of the claim (as applicable);

        c.      the grounds for the objection; and

d.      other information, as applicable, including: (i) the proposed classification of claims the Debtors seek to reclassify; or (ii) the reduced claim amounts of claims the Debtors seek to reduce.

5.      <u>Objection Notice</u>. Each Objection will be accompanied by an objection notice, substantially in the form attached to the Order as **<u>Exhibit 2</u>** (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, claim, or objection, which will:

a.      describe the basic nature of the objection;

b.      inform creditors that their rights may be affected by the objection;

c.      describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.      identify the hearing date, if applicable, and related information; and

e.      describe how copies of proofs of claim, the Omnibus Objection, and other pleadings filed in these Chapter 11 Cases may be obtained.

6.      <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served (i) electronically using the Court's electronic filing system; and (ii) via first class mail, postage prepaid, upon the person designated on the claim as the person to receive notices, at the address so indicated and, if applicable, upon the claimant's attorney if such attorney has filed a formal appearance in the Chapter 11 Cases on behalf of such creditor and appeared on the face of the proof of claim form.

7.      <u>Omnibus Claims Objection Hearings</u>. To the extent required, each Omnibus Objection shall be set for hearing no earlier than 30 days after service of the Omnibus Objection (each, a "<u>Hearing</u>"). In the Debtors' or the Objecting Party's sole discretion, as applicable, and after notice to the affected claimant (and, subject to Paragraph 6 herein, their counsel), the Debtors or the Objecting Party, as applicable, may (without further order of the Court) adjourn the Hearing on the Omnibus Objection to a subsequent hearing date by filing a notice or making a statement on the record. For claims subject to an Omnibus Objection and with respect to which either no

Response is filed in accordance with the response procedures herein, or a Response is filed in accordance with the response procedures herein but such Response is resolved prior to the date of any scheduled Hearing, the Debtors or the Objecting Party, as applicable, may request that the Court enter an order granting the Omnibus Objection with respect to such claim without Hearing. Contested claims for which a Response is filed in accordance with these Objection Procedures but such Response is not resolved prior to the Hearing, and an appearance is made at the Hearing, may be heard at the Hearing or adjourned to a subsequent hearing date in the Debtors' or Objecting Party's sole discretion, as applicable. If a subsequent hearing is determined to be necessary, the Debtors or the Objecting Party, as applicable, shall file with the Court and serve on the affected claimant(s) (and subject to Paragraph 6 herein, their counsel) a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)) or announce such adjournment on the record, as applicable. Notwithstanding the foregoing, nothing herein shall prejudice the Debtors' or the Objecting Party's, as applicable, rights to seek entry of an order sustaining the Omnibus Objection as to any or all claims contained therein, as applicable.

8.    Contested Matter. Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Debtors or the Objecting Party, as applicable, may, in their discretion and in accordance with other orders of this Court, including, without limitation, the Confirmation Order, and any applicable provisions of the Bankruptcy Code and Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

**Responses to Omnibus Objections**

9.     <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein and to appear at the Hearing, if any. If a claimant whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or fails to appear at the Hearing, if any, the Court may grant the Omnibus Objection with respect to such claim without further notice to the claimant.

10.     <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.     a caption stating the name of the Court, the name of the applicable Debtor or Debtors, the case number, and the Omnibus Objection and claim(s) to which the Response is directed;

    b.     a concise statement setting forth the reasons why the Court should not sustain the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.     to the extent not already included with the claim, a copy of any other documentation or other evidence of the claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided*, *further*, that the claimant shall disclose to the Debtors' counsel or the Objecting Party's counsel, as applicable, all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

    d.     a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

    e.     the following contact information for the responding party:

        (i)     the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors or the Objecting Party, as applicable, should serve a reply to the Response, if any; or

        (ii)      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

11.     <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served and *actually received* by 4:00 p.m. (prevailing Eastern Time) on the day that is 21 calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>"), by the parties identified on the applicable Omnibus Objection (the "<u>Notice Parties</u>") including (or as updated on the individual notice):

| The Debtors | Counsel to the Debtors | United States Trustee | Official Committee of Unsecured Creditors |
|---|---|---|---|
| c/o Red Lobster Management LLC 450 S. Orange Avenue, Suite 800 Orlando, Florida 32801 (Attn: Jonathan Tibus (jtibus@alvarezandmarsal.com), Nicholas Haughey, (nhaughey@alvarezandmarsal.com)) | King & Spalding LLP 1180 Peachtree Street NE, Suite 1600 Atlanta, Georgia 30309 (Attn: W. Austin Jowers, Esq. (ajowers@kslaw.com), Jeffrey R. Dutson, Esq. (jdutson@kslaw.com), Sarah Primrose, Esq. (sprimrose@kslaw.com)  King & Spalding LLP 110 Louisiana Street #4100 Houston, Texas 77002 Michael Fishel, Esq. (mfishel@kslaw.com)),  Berger Singerman LLP 1450 Brickell Avenue, Suite 1900 Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com)) | United States Trustee Attn: Scott E Bomkamp 400 W. Washington Street Suite 1100 Orlando, FL 32801 407-648-6301 ext. 150 Email: scott.e.bomkamp@usdoj.gov | Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 34th Floor New York, NY 10017 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com)), and Pack Law, P.A. 51 Northeast 24th Street, Suite 108 Miami, Florida 33137 (Attn: Joe Pack (joe@packlaw.com) and Jessey Krehl (jessey@packlaw.com)) |

For the avoidance of doubt, a response can be sent by email or filed through CM/ECF.

12.     Discovery. If the Debtors or Objecting Party, as applicable, determine that discovery is necessary in advance of a Hearing on an Omnibus Objection (if any), the Debtors or Objecting Party, as applicable, may serve notice on the affected claimant and its counsel of record that the scheduled Hearing (if any) will be treated as a status conference during which the parties may request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the Hearing or may be provided by separate notice.

13.     Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Debtors or the Objecting Party, as applicable, resolving the objection to a claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing, to the extent one is held, may result in the Court granting the Omnibus Objection without further notice or hearing.** Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

14.     Reply to a Response. The Debtors or the Objecting Party, as applicable, shall be permitted to file a reply to any Response no later than one (1) calendar day before the Hearing with respect to the relevant  Omnibus Objection.

### Miscellaneous

15.     Additional Information. Copies of these procedures, the Motion, the order granting the Motion, or any other pleadings (the "Pleadings") filed in these Chapter 11 Cases are available at https://dm.epiq11.com/case/redlobster/info. You may also obtain copies of any of the Pleadings for a fee at the Court's website at https://www.flmb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER")

are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.uscourts.gov.

16.     <u>Reservation of Rights</u>. **NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY CLAIM AGAINST ANY OF THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) AN IMPAIRMENT OR WAIVER OF ANY DEBTOR'S OR ANY OTHER PARTY IN INTEREST'S RIGHT TO DISPUTE ANY CLAIM AGAINST, OR INTEREST IN, ANY DEBTOR, ITS PROPERTY, OR ITS ESTATE ON ANY GROUNDS; (C) A PROMISE OR REQUIREMENT TO PAY ANY CLAIM; (D) AN ASSUMPTION, ADOPTION, OR REJECTION OF ANY AGREEMENT, CONTRACT, OR LEASE UNDER SECTION 365 OF THE BANKRUPTCY CODE; (E) AN IMPLICATION, ADMISSION, OR FINDING THAT ANY PARTICULAR CLAIM IS AN ADMINISTRATIVE EXPENSE CLAIM, OTHER PRIORITY CLAIM, OR OTHERWISE OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (F) AN IMPLICATION, ADMISSION, OR FINDING AS TO (I) THE VALIDITY, PRIORITY, ENFORCEABILITY, OR PERFECTION OF ANY LIEN ON, SECURITY INTEREST IN, OR OTHER ENCUMBRANCE ON THE PROPERTY OF ANY DEBTOR OR ITS ESTATE OR (II) A WAIVER OR LIMITATION ON ANY PARTY'S ABILITY TO CHALLENGE, RECHARACTERIZE AS EQUITY, VOID, CLAW BACK, OR SEEK OTHER RELIEF WITH RESPECT TO ANY PARTICULAR PAYMENTS AUTHORIZED HEREUNDER; (G) AN IMPAIRMENT OR WAIVER OF ANY CLAIMS OR CAUSES OF ACTION**

WHICH MAY EXIST AGAINST ANY ENTITY; OR (H) A WAIVER OF ANY DEBTOR'S OR ANY OTHER PARTY IN INTEREST'S RIGHTS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

Dated:    July 23, 2024

Respectfully submitted,

*/s/ Paul Steven Singerman*

W. Austin Jowers (*pro hac vice* admitted)
Jeffrey R. Dutson (*pro hac vice* admitted)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* admitted)
Brooke L. Bean (*pro hac vice* admitted)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
         jdutson@kslaw.com
         sprimrose@kslaw.com
         christopher.coleman@kslaw.com
         bbean@kslaw.com

– and –

Michael Fishel (*pro hac vice* admitted)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

-  and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 743-7900
Email: nvilmos@bergersingerman.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Counsel for Debtors and Debtors-in-Possession*

## **Exhibit 2**

**Sample Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

RED LOBSTER MANAGEMENT LLC,[1]          Case No. 6:24-bk-02486-GER

                                                         Jointly Administered with

RED LOBSTER RESTAURANTS LLC,            Case No. 6:24-bk-02487-GER
RLSV, INC.,                                              Case No. 6:24-bk-02488-GER
RED LOBSTER CANADA, INC.,                  Case No. 6:24-bk-02489-GER
RED LOBSTER HOSPITALITY LLC,              Case No. 6:24-bk-02490-GER
RL KANSAS LLC,                                      Case No. 6:24-bk-02491-GER
RED LOBSTER SOURCING LLC,                  Case No. 6:24-bk-02492-GER
RED LOBSTER SUPPLY LLC,                     Case No. 6:24-bk-02493-GER
RL COLUMBIA LLC,                                  Case No. 6:24-bk-02494-GER
RL OF FREDERICK, INC.,                          Case No. 6:24-bk-02495-GER
RED LOBSTER OF TEXAS, INC.,                Case No. 6:24-bk-02496-GER
RL MARYLAND, INC.,                               Case No. 6:24-bk-02497-GER
RED LOBSTER OF BEL AIR, INC.,             Case No. 6:24-bk-02498-GER
RL SALISBURY, LLC,                               Case No. 6:24-bk-02499-GER
RED LOBSTER INTERNATIONAL HOLDINGS LLC,   Case No. 6:24-bk-02500-GER

         Debtors.
_____/

### NOTICE OF DEBTORS' [NUMBER] OMNIBUS CLAIMS OBJECTION

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW, EXPUNGE, RECLASSIFY, OR REDUCE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> TO THE OBJECTION. YOU SHOULD IMMEDIATELY CONTACT THE**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

> **OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE NOTICE PARTIES (DEFINED HEREIN) WITHIN *21 DAYS* AFTER THE OBJECTION WAS SERVED ON YOU.**
>
> **YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN *21 DAYS* AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

## Important Information Regarding the Objection

Grounds for the Objection. By the Objection, the [**Debtors/Objecting Party**] [**i s / are**] seeking to [**disallow/expunge/reclassify/reduce**] your claim(s) on the grounds that your claim(s) [is/are] [_____]. The claim(s) subject to the Objection may be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures. On [__], 2024, the United States Bankruptcy Court for the Middle District of Florida (the "Court") entered an order [ECF No. [__]] approving procedures for filing and resolving objections to claims asserted against the Debtors in these Chapter 11 Cases (the "Objection Procedures"). A copy of the Objection Procedures is included with this notice. Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.

Response and Service. If you disagree with the Objection filed with respect to your claim, you must file a response (each, a "Response") with the Court and serve such Response in accordance with the procedures described below, and appear at the Hearing (as defined herein). Your Response must be filed with the Court and served so as to be **actually received** by 4:00 p.m. (prevailing Eastern Time) on [       ], 2024 (the "Response Deadline") by the following parties (the "Notice Parties"):

| The Debtors | Counsel to the Debtors | United States Trustee | Official Committee of Unsecured Creditors |
|---|---|---|---|
| c/o Red Lobster Management LLC 450 S. Orange Avenue, Suite 800 Orlando, Florida 32801 (Attn: | King & Spalding LLP 1180 Peachtree Street NE, Suite 1600 Atlanta, Georgia 30309 (Attn: W. Austin Jowers, Esq. (ajowers@kslaw.com), Jeffrey R. Dutson, Esq. (jdutson@kslaw.com), Sarah Primrose, Esq. (sprimrose@kslaw.com), | United States Trustee Attn: Scott E Bomkamp 400 W. Washington Street Suite 1100 Orlando, FL 32801 407-648-6301 ext. 150 Email: scott.e.bomkamp@usd | Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 34th Floor New York, NY 10017 (Attn: Bradford J. Sandler (bsandler@pszjl aw.com), Robert |

| Jonathan Tibus (jtibus@alvar ezandmarsal. com), Nicholas Haughey, (nhaughey@ alvarezandm arsal.com)) | King & Spalding LLP 110 Louisiana Street #4100 Houston, Texas 77002 Michael Fishel, Esq. (mfishel@kslaw.com))<br><br> Berger Singerman LLP 1450 Brickell Avenue, Suite 1900 Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.c om)) | oj.gov | J. Feinstein (rfeinstein@pszj law.com), Paul J. Labov (plabov@pszjla w.com), and Theodore S. Heckel (theckel@pszjla w.com), and Pack Law, P.A. 51 Northeast 24th Street, Suite 108 Miami, Florida 33137 (Attn: Joe Pack (joe@packlaw.c om) and Jessey Krehl (jessey@packla w.com)) |

For the avoidance of doubt, a response can be sent by email or filed through CM/ECF.

<u>Response Contents</u>. Each Response must contain the following (at a minimum):

a. a caption with the name of the Court, the name of the applicable Debtor or Debtors, the case number, and the title of the Objection to which the Response is directed;

b. a concise statement setting forth the reasons why the Court should not grant the Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Objection;

c. copies of documentation or other evidence of your claim not previously filed with proof of such claim on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which **must** be provided to the counsel to the [**Debtors/Objecting Party**], subject to appropriate confidentiality constraints, if any);

d. a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and

email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Objection on your behalf.

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent an agreement with the [Debtors/Objecting Party] resolving the Objection to a claim, failure to timely file and serve a Response as set forth herein and appear at the Hearing may result in the Court granting the Objection without further notice or hearing**. Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time, and Location. A hearing (the "Hearing") on the Objection will be held on [__] at [__] (prevailing Eastern Time), before the **Honorable Grace E. Robson, in the United States Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Courtroom 6D, 6th Floor, Orlando, Florida 32801**. **The Hearing may be adjourned to a subsequent date in these Chapter 11 Cases in the [Debtors'/Objecting Party's] sole discretion.** You must attend the Hearing if you disagree with the Objection and have filed a Response. Contested claims for which (a) a Response is filed in accordance with the procedures, but such Response is not resolved prior to the Hearing, and (b) an appearance is made at the Hearing, may be heard at the Hearing or adjourned to a subsequent hearing in the **[Debtors'/Objecting Party's]** sole discretion. If a subsequent hearing is determined to be necessary, the **[Debtors/Objecting Party]** shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

Discovery. If the **[Debtors/Objecting Party]** determine that discovery is necessary in advance of a hearing on an Objection, the **[Debtors/Objecting Party]** may serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties may request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Any such notice may be incorporated into the initial agenda letter for the hearing or may be provided by separate notice.

## Additional Information

Questions or Information. Copies of Objection Procedures and any other pleadings (the "Pleadings") filed in these Chapter 11 Cases are available at https://dm.epiq11.com/case/redlobster/info. You may also obtain copies of any of the Pleadings for a fee at the Court's website at https://www.flmb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.uscourts.gov.

### Reservation of Rights

**NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY CLAIM AGAINST ANY OF THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) AN IMPAIRMENT OR WAIVER OF ANY DEBTOR'S OR ANY OTHER PARTY IN INTEREST'S RIGHT TO DISPUTE ANY CLAIM AGAINST, OR INTEREST IN, ANY DEBTOR, ITS PROPERTY, OR ITS ESTATE ON ANY GROUNDS; (C) A PROMISE OR REQUIREMENT TO PAY ANY CLAIM; (D) AN ASSUMPTION, ADOPTION, OR REJECTION OF ANY AGREEMENT, CONTRACT, OR LEASE UNDER SECTION 365 OF THE BANKRUPTCY CODE; (E) AN IMPLICATION, ADMISSION OR FINDING THAT ANY PARTICULAR CLAIM IS AN ADMINISTRATIVE EXPENSE CLAIM, OTHER PRIORITY CLAIM, OR OTHERWISE OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (F) AN IMPLICATION, ADMISSION, OR FINDING AS TO (I) THE VALIDITY, PRIORITY, ENFORCEABILITY, OR PERFECTION OF ANY LIEN ON, SECURITY INTEREST IN, OR OTHER ENCUMBRANCE ON THE PROPERTY OF ANY DEBTOR OR ITS ESTATE OR (II) A WAIVER OR LIMITATION ON ANY PARTY'S ABILITY TO CHALLENGE, RECHARACTERIZE AS EQUITY, VOID, CLAW BACK, OR SEEK OTHER RELIEF WITH RESPECT TO ANY PARTICULAR PAYMENTS AUTHORIZED HEREUNDER; (G) AN IMPAIRMENT OR WAIVER OF ANY CLAIMS OR CAUSES OF ACTION WHICH MAY EXIST AGAINST ANY ENTITY; OR (H) A WAIVER OF ANY DEBTOR'S OR ANY OTHER PARTY IN INTEREST'S RIGHTS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.**

Dated:    July 23, 2024

Respectfully submitted,

/s/ Paul Steven Singerman
Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

W. Austin Jowers (*pro hac vice* admitted)
Jeffrey R. Dutson (*pro hac vice* admitted)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* admitted)
Brooke L. Bean (*pro hac vice* admitted)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
        jdutson@kslaw.com
        sprimrose@kslaw.com
        christopher.coleman@kslaw.com
        bbean@kslaw.com

- and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 743-7900
Email: nvilmos@bergersingerman.com

– and –

Michael Fishel (*pro hac vice* admitted)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Counsel for Debtors and Debtors-in-Possession*

## Exhibit 3

**Withdrawal of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.
_____/

**WITHDRAWAL OF CLAIM FORM**

Claimant, _____ [Claimant Name(s)], hereby withdraws with

prejudice its Claim No. _____ [Claim Number(s)] filed in Case No. _____ [Case

Number(s)].

Signed:    _____

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

Print Name: _____
Title: _____

Claimant Name: _____
Address: _____
Address: _____
City, State, Zip Code: _____
Phone: _____
Email: _____

**Please submit this completed and signed form by email to RedLobsterInfo@epiqglobal.com or by mail:**

- **Through U.S. First Class Mail sent to:**

  Red Lobster Management LLC
  Claims Processing Center
  c/o Epiq Corporate Restructuring, LLC
  P.O. Box 4421
  Beaverton, OR 97076-4421

- **Or through other hand delivery system or overnight mail sent to:**

  Red Lobster Management LLC
  Claims Processing Center
  c/o Epiq Corporate Restructuring, LLC
  10300 SW Allen Blvd.
  Beaverton, OR 97005