## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC, [1] | Case No. 6:24-bk-02486-GER |
| | Lead Case |
| | |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

        Debtors.
_____/

## DEBTORS' FIFTH OMNIBUS MOTION FOR ORDER AUTHORIZING (A) REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE REJECTION DATE, (B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES

**(The Debtors respectfully request the Court to schedule a hearing on this Motion on August 29, 2024 at 10:00 a.m. (prevailing Eastern time))**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES IN THE SCHEDULES ATTACHED TO <u>EXHIBIT A</u> OF THIS MOTION. THE ATTACHED <u>EXHIBIT "A"</u> LISTS THE NAME OF EACH PARTY TO A LEASE ALPHABETICALLY.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through their proposed undersigned counsel, file this fifth omnibus motion ("<u>Motion</u>"), and pursuant to section 365(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), hereby request the entry of an order authorizing, but not directing, the Debtors to (i) reject certain unexpired leases of non-residential real property (collectively, the "<u>Rejected Leases</u>") set forth on **Exhibit A** effective as of the Rejection Date (as defined below), (ii) abandon, effective as of the Rejection Date, any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment that remains, as of the Rejection Date, on any of the premises (collectively, the "<u>Leased Premises</u>") subject to the Rejected Leases, and (iii) fix a bar date for claims, if any, of the counterparties to each Rejected Lease (the "<u>Counterparties</u>").   In support of the Motion, the Debtors rely upon the *Declaration of Jonathan Tibus in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "<u>First Day Declaration</u>"), which was filed on or about the Petition Date (as defined below), and is incorporated herein by reference, and represent as follows:

### <u>Jurisdiction</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 365(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 and 6007.

## Background

### A.      General Background

4.      On May 19, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On May 31, 2024, the Office of the United States Trustee for the Middle District of Florida appointed an official committee of unsecured creditors in these Chapter 11 Cases. See ECF No. 250. No request has been made for the appointment of a trustee or examiner.

6.      The Debtors continue to operate their businesses and to manage their affairs as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration. Those facts are incorporated by reference herein.

### B.      The Leases

8.      The Debtors currently operate more than 530 casual seafood restaurants primarily located across the United States and Canada with nearly 36,000 employees.

9.      With the assistance of Keen-Summit Capital Partners LLC ("Keen Summit"), the Debtors' real estate advisor, the Debtors' continue to review and identify Leases that are likely to continue to drive losses for the Debtors and should be rejected. The Debtors' meticulous, well-considered lease rejection plan is centered on value maximization.

10.     In order to manage their business and assets responsibly and economically, the Debtors seek to reject unexpired leases of nonresidential property, which are a burden on the

13213268-1

Debtors and their estates.   To that end, the Debtors have identified the Rejected Leases as leases that the Debtors do not anticipate needing in order to operate their business going forward and can be rejected as of the Rejection Date.

11.    The Debtors are currently occupying the Leased Premises, but intend to vacate the Leased Premises prior to August 31, 2024. The Rejected Leases require the payment of base monthly rent, applicable sales taxes, and prorated common area and real estate tax expenses associated with each applicable location. The Debtors have determined, in their business judgment, to reject the Rejected Leases and abandon any remaining Personal Property (defined below), effective as of the later of (i) the date the Court grants the relief requested hereunder and (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the affected landlord in writing of the Debtors' irrevocable surrender of the Leased Premises and (a) have turned over the keys, key codes, or security codes, if any, to the landlord or (b) have notified the landlord in writing that the key, key codes, or security codes, if any, are not available and that the landlord may re-key the Leased Premises (hereinafter, the "Rejection Date"), so as to avoid the incurrence of continued rental obligations related to the Rejected Leases or the Leased Premises.

## Relief Requested

12.    By this Motion, the Debtors seek entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtors' rejection of the Rejected Leases, effective as of the Rejection Date, (b) confirming that any furniture, fixtures and equipment or other assets remaining at each Leased Premises (collectively, the "Personal Property") not removed by the Rejection Date or otherwise within the time agreed upon by and among the Debtors and the Counterparty of the applicable Leased Premises (unless extended by agreement among the Debtors and the applicable Counterparty) are deemed

abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the applicable lease for the Leased Premises, the applicable Counterparty shall be permitted to use or dispose of such abandoned Personal Property remaining at such Leased Premises without notice or liability to the Debtors or any third person or entity, and (c) fixing a bar date for claims, if any, of the Counterparties.

13.     The Debtors have concluded that the Rejected Leases are not necessary for a sale or reorganization, and have determined that continued performance under the Rejected Leases would constitute an unnecessary drain upon the financial resources of Debtors' cash (on account of all future rents and any related expenses for the Rejected Leases that would otherwise accrue). In addition, the Debtors seek to abandon, effective as of the Rejection Date, any Personal Property that remains on any of the Leased Premises. The Debtors respectfully submit that this related relief is necessary and appropriate.

14.     To the extent notice of the Debtors' intention to reject the Rejected Leases has not been previously provided, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Rejected Leases listed on **Exhibit A**.

### **Basis for Relief**

#### A.     **Rejection of the Rejected Leases, Effective as of the Rejection Date, Reflects the Debtors' Sound Business Judgment.**

15.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart*

*Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re TOUSA, Inc.*, 598 Fed. App'x 761, 763 n. 3 (11th Cir. March 26, 2015) (unpublished).

16.    The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998). The United States Court of Appeal for the Eleventh Circuit has noted that the decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See In Re Gardinier, Inc.*, 831 F.2d 974, 976, n. 2 (11th Cir. 1987); *Colony Beach & Tennis Club, Inc. v. Colony Beach & Tennis Club Ass'n (In re Colony Beach & Tennis Club Ass'n, Inc.)*, Case No. 8:09-cv- 535-T-33, 2010 WL 746708, at *8 (M.D. Fla. March 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of a debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim, or caprice.'") (citing *In re Surfside Resort and Suites, Inc.,* 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005) (internal citations omitted); *Surfside Resort and Suites*, 325 B.R. at 469; *In re Weaver Oil Co., Inc.,* No. 08-40379-LMK, 2008 WL 8202063, 2008 Bankr. LEXIS 4159, at *4-5 (Bankr. N.D. Fla. Nov. 17, 2008); *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"); *see also NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal*

*Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

17.    The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). So long as the decision to assume or reject is a reasonable exercise of business judgment, the court should approve the assumption or rejection of an unexpired lease. *See also NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523, 550-51 (1943).

18.    Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

19.    The Debtors seek authority, but not direction, to reject the Rejected Leases, in accordance with principles of sound business judgment and the circumstances of these cases. The Rejected Leases are, and will continue to be, a burden to the Debtors' estates. The Debtors will vacate the Leased Premises on, or prior to, the Rejection Date, as the Rejected Leases no longer provide any net economic benefit to the Debtors' estates.

20. Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases. As a result, the Debtors have determined that the cost to the Debtors of continuing to occupy the Leased Premises under the Rejected Leases, and of performing the Debtors' obligations under the Rejected Leases and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Leases is, thus, in the best interests of the Debtors' estates and their creditors. For all of the above reasons, the Debtors submit that rejection of the Rejected Leases is in the best interests of the Debtors' estates and their creditors, and other parties in interest.

**B. Authorizing the Debtors to Abandon any Personal Property Remaining at the Leased Premises as of the Rejection Date is Appropriate.**

21. In the event that any Personal Property remains on any of the Leased Premises as of the Rejection Date, the Debtors request authority to abandon such Personal Property, pursuant to section 554(a) of the Bankruptcy Code, with such abandonment being effective as of the Rejection Date.

22. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in this case.

23. The Debtors submit that any abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs

any recovery that the Debtors and their estates could reasonably hope to attain for such Personal Property. For the avoidance of doubt, the Debtors will not abandon any Personal Property containing any personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including, but not limited to, an individual's name, social security number, date of birth, government-issued identification number, account number, and credit or debit card number). As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Personal Property, effective as of the Rejection Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

**C.      Claims Bar Date**

24.      As set forth above, the Counterparties may seek to assert claims in connection with the Rejected Leases or the rejection or termination of the Rejected Leases.

25.      Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

26.      The Debtors further request by this Motion that the Court fix the claims bar date with respect to the Rejected Leases to be the date that is thirty (30) days following entry of an order granting the relief requested herein, failing which such claim or claims by the Counterparties shall be forever barred.

27.      The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

9

**Reservation of Rights**

28.    Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses, or counterclaims with respect to any of the Rejected Leases. Nor does anything contained herein constitute an acknowledgement that a particular Rejected Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof. Further, nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtors that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtors' rights under the Bankruptcy Code, any other applicable law or any agreement; or (vii) an admission or concession by the Debtors that any lien is valid, and the Debtors expressly reserve and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order in the form attached hereto as **Exhibit B** granting the relief requested herein and granting such other and further relief as is just and proper.

*[Intentionally Blank]*

10

Dated:    August 22, 2024

Respectfully submitted,

*/s/ Paul Steven Singerman*

W. Austin Jowers (*pro hac vice* admitted)
Jeffrey R. Dutson (*pro hac vice* admitted)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (*pro hac vice* admitted)
Brooke L. Bean (*pro hac vice* admitted)

Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  singerman@bergersingerman.com

**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:  (404) 572-4600
Email:  ajowers@kslaw.com
          jdutson@kslaw.com
          sprimrose@kslaw.com
          christopher.coleman@kslaw.com
          bbean@kslaw.com

– and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 749-7900
Email: nvilmos@bergersingerman.com

– and –

Michael Fishel (*pro hac vice* admitted)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Email:  mfishel@kslaw.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*[Counsel for Debtors and Debtors-in-Possession]*

11

**<u>Exhibit A</u>**

**Rejected Leases**

| Item | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 1 | RED LOBSTER HOSPITALITY LLC | 13612 HARBOR BOULEVARD LLC<br>2058 N MILLS AVENUE, SUITE 435<br>CLAREMONT, CALIFORNIA 91711-2812 | RL1_0157 | LEASE FOR STORE NO. #0157<br>8900 GOLDEN VALLEY ROAD, GOLDEN VALLEY, MINNESOTA |
| 2 | RED LOBSTER RESTAURANTS LLC | ALEXANDRIA SEAFOOD, LLC<br>15942 SHADY GROVE ROAD<br>GAITHERSBURG, MARYLAND 20877 | RL1_0235 | LEASE FOR STORE NO. #0235<br>555 S. VAN DORN STREET, ALEXANDRIA, VIRGINIA |
| 3 | RED LOBSTER HOSPITALITY LLC | BDG SUFKA LLC<br>C/O BLUMENFELD DEVELOPMENT GROUP<br>300 ROBBINS LANE<br>SYOSSET, NY 11791 | RL1_6388 | LEASE FOR STORE NO. #6388<br>925 HUNTS POINT AVE, BRONX, NY 10459 |
| 4 | RED LOBSTER RESTAURANTS LLC | BIG RED LLC C/O BRYAN W FAIRFIELD MANAGER<br>6121 OLD STATE ROAD<br>25 N LAFAYETTE, INDIANA 47905-9718 | RL1_0610 | LEASE FOR STORE NO. #0610<br>4353 FRANKLIN STREET, MICHIGAN CITY, INDIANA |
| 5 | RED LOBSTER HOSPITALITY LLC | CHRISTINE B. CUNNING, AS TRUSTEE OF THE HERZMAN NIECES EXEMPT TRUST U/D/T DECEMBER 15, 1972, A CALIFORNIA IRREVOCABLE TRUST<br>P.O. BOX 3129<br>SAN DIEGO, CALIFORNIA 92163-1129 | RL1_0494 | LEASE FOR STORE NO. #0494<br>1604 N STATE ROAD ROUTE 50, BOURBONNAIS, ILLINOIS |
| 6 | RED LOBSTER HOSPITALITY LLC | FIRST ARIZONA RL ASSOCIATES, LLC<br>80 NASHUA RD STE A4<br>LONDONDERRY, NEW HAMPSHIRE 03053-3419 | RL1_6333 | LEASE FOR STORE NO. #6333<br>1521 S. YUMA PALMS PARKWAY, YUMA, ARIZONA |
| 7 | RED LOBSTER HOSPITALITY LLC | GENEVA RL VENTURE, LLC<br>C/O LEON NOVAK6400 POWERS FERRY RD NW STE 100<br>ATLANTA, GEORGIA 30339-2907 | RL1_6299 | LEASE FOR STORE NO. #6299<br>902 COMMONS DRIVE, GENEVA, ILLINOIS |
| 8 | RED LOBSTER RESTAURANTS LLC | GINA EL SINEITTI ESTATE C/O ZAKI EL KOOSI EXECUTOR<br>804 BOARDWALK PL<br>REDWOOD CITY, CALIFORNIA 94065-1804 | RL1_0153 | LEASE FOR STORE NO. #0153<br>709 INDEPENDENCE BLVD., VIRGINIA BEACH, VIRGINIA |
| 9 | RED LOBSTER HOSPITALITY LLC | HACIK/ALIN URUN<br>17914 MEDLEY DR<br>ENCINO, CALIFORNIA 91316-4341<br><br>10920 MOORPARK LLC<br>650 SOUTH HILL STREET, SUITE M-11<br>LOS ANGELES, CA 90014 | RL1_0039 | LEASE FOR STORE NO. #0039<br>5110 N 9TH AVE, PENSACOLA, FLORIDA |
| 10 | RED LOBSTER HOSPITALITY LLC | HENDRIE FAMILY PROPERTIES, LLC<br>100 S.E. 2ND STREET, SUITE 3400<br>MIAMI, FLORIDA 33131 | RL1_0458 | LEASE FOR STORE NO. #0458<br>326 MIRACLE STRIP PKWY S.W., FORT WALTON BEACH, FLORIDA |
| 11 | RED LOBSTER RESTAURANTS LLC | HORLBECK,LLC, ALEXANDER G. THOMPSON, RUTH ANN CURRY, TRUSTEE OF THE RUTH ANN CURRY TRUST #1 DATED OCTOBER 12, 1994 & MG ASSOCIATES, LLC C/O THOMPSON & COMPANY<br>PO BOX 50909  COLUMBIA, SOUTH CAROLINA 29250 | RL1_0172 | LEASE FOR STORE NO. #0172<br>1270 KNOX ABBOTT DRIVE, CAYCE, SOUTH CAROLINA |
| 12 | RED LOBSTER HOSPITALITY LLC | JAMES MCGRATH<br>2000 W. PIONEER PARKWAY SUITE 13<br>PEORIA, ILLINOIS 61615<br><br>TERENCE J. MCGRATH, EXECUTOR OF ELEANOR L. MCGRATH ESTATE<br>4802 NORTH IDLEWOOD COURT<br>PEORIA, ILLINOIS 61614<br><br>LAURENCE M. MCGRATH<br>5627 NORTH ARROW DRIVE<br>PEORIA, ILLINOIS 61614<br><br>EUGENIA F. HAASIS TRUST & MARY R. STAMBERGER, TRUSTEE<br>332 RUSTIC VIEW TRAIL<br>DECATUR, ILLINOIS 62521 | RL1_0473 | LEASE FOR STORE NO. #0473<br>4625 N STERLING AVE, PEORIA, ILLINOIS |
| 13 | RED LOBSTER RESTAURANTS LLC | MOORLAND MEDICINE LLC<br>8804 POTOMAC STATION LN<br>POTOMAC, MARYLAND 20854-3983 | RL1_0055 | LEASE FOR STORE NO. #0055<br>6550 TARA BLVD, JONESBORO, GEORGIA |
| 14 | RED LOBSTER RESTAURANTS LLC | PINE VIEW VILLAGE, LLC<br>10231 PRESTWICK TRAIL<br>LONE TREE, COLORADO 80124 | RL1_0364 | LEASE FOR STORE NO. #0364<br>4925 N ACADEMY BLVD, COLORADO SPRINGS, COLORADO |
| 15 | RED LOBSTER HOSPITALITY LLC | QUEENSBURY PLAZA I, LLC<br>C/O FLAUM MANAGEMENT COMPANY, INC. 400 ANDREWS STREET, SUITE 500<br>ROCHESTER, NEW YORK 14604 | RL1_0788 | LEASE FOR STORE NO. #0788<br>750 UPPER GLEN STREET, QUEENSBURY, NEW YORK |
| 16 | RED LOBSTER HOSPITALITY LLC | R&H PROPERTIES LP<br>2243 E DEL RAE DR<br>FLAGSTAFF, ARIZONA 86005-2763 | RL1_6220 | LEASE FOR STORE NO. #6220<br>8909 US HIGHWAY 19, PORT RICHEY, FLORIDA |

| Item | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|------|--------|------------------------|-----------|----------------------|
| 17 | RED LOBSTER RESTAURANTS LLC | R.Y.G. REALTY, INC. / ATTN YURY GNESIN<br>17070 COLLINS AVE STE 255<br>SUNNY ISLES BEACH, FLORIDA 33160-3635 | RL1_0722 | LEASE FOR STORE NO. #0722<br>304 A WESTERN BLVD., JACKSONVILLE, NORTH CAROLINA |
| 18 | RED LOBSTER HOSPITALITY LLC | RAINBOW INVESTMENT CO LP C/O ATTN TENANT RELATIONS<br>10620 TREENA STREET, SUITE 110<br>SAN DIEGO, CA 92131 | RL1_0504 | LEASE FOR STORE NO. #0504<br>8703 MURRAY DRIVE, LA MESA, CA 91942 |
| 19 | RED LOBSTER RESTAURANTS LLC | RL1AK LLC<br>C/O RL1AK LLCPO BOX 124<br>MAMARONECK, NEW YORK 10543-0124 | RL1_0202 | LEASE FOR STORE NO. #0202<br>8407 W. MARKHAM STREET, LITTLE ROCK, ARKANSAS |
| 20 | RED LOBSTER HOSPITALITY LLC | SPM ACQUISITION LLC C/O SPINOSO REAL ESTATE GROUP<br>112 NORTHERN CONCOURSE<br>NORTH SYRACUSE, NEW YORK 13212<br><br>SPM ACQUISITION LLC ATTN: GENERAL MANAGER<br>500 SOUTHPARK CENTER<br>STRONGSVILLE, OHIO 44136 | RL1_6312 | LEASE FOR STORE NO. #6312<br>17227 SOUTHPARK CENTER, STRONGSVILLE, OHIO |
| 21 | RED LOBSTER HOSPITALITY LLC | THE 2015 HONG FAMILY TRUST DBA THE 2015 HONG FAMILY TRUST<br>24641 WILLOW TER<br>HARBOR CITY, CALIFORNIA 90710-4570 | RL1_6251 | LEASE FOR STORE NO. #6251<br>12515 ELM CREEK BLVD.,N., MAPLE GROVE, MINNESOTA |
| 22 | RED LOBSTER RESTAURANTS LLC | THE R&T WEATHERBY FAMILY TRUST<br>TRUSTEE AND MARY KATHERINE DARIN<br>39629 N 106TH ST<br>SCOTTSDALE, ARIZONA 85262-3384 | RL1_6339 | LEASE FOR STORE NO. #6339<br>4415 S. LABURNUM AVE, RICHMOND, VIRGINIA |
| 23 | RED LOBSTER RESTAURANTS LLC | THF MAPLEWOOD OUTPARCEL DEVELOPMENT LLC<br>C/O TKG MANAGEMENT INC<br>211 NORTH STADIUM BLVD<br>COLUMBIA, MISSOURI 65203 | RL1_6324 | LEASE FOR STORE NO. #6324<br>2381 MAPLEWOOD COMMONS DRIVE, MAPLEWOOD, MISSOURI |

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC, [1] | Case No. 6:24-bk-02486-GER |
| | Lead Case |
| | |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

RL SALISBURY, LLC,                              Case No. 6:24-bk-02499-GER
RED LOBSTER INTERNATIONAL HOLDINGS LLC,         Case No. 6:24-bk-02500-GER

      Debtors.

_____/

## ORDER GRANTING DEBTORS' FIFTH OMNIBUS MOTION FOR ORDER AUTHORIZING (A) REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE REJECTION DATE, (B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES

**THIS MATTER** came before the Court on [      ] at [      ], in Orlando, Florida for a hearing (the "Hearing")[2], upon the *Debtors' Fifth Omnibus Motion for Order Authorizing (A) Rejection of Unexpired Leases of Non-Residential Real Property Effective as of the Rejection Date, (B) Abandonment of Any Remaining Personal Property Located at the Leased Premises, and (C) Fixing a Bar Date for Claims of Counterparties* [ECF No. [  ]] (the "Motion"). The Motion seeks entry of an order authorizing, but not directing, the above-captioned debtors (the "Debtors") to (a) reject the unexpired leases set forth on **Exhibit 1** attached hereto (the "Rejected Leases") effective as of the Rejection Date (as defined below), (b) abandon any remaining Personal Property located at the Leased Premises, and (c) fix a bar date for filing of claims of the Counterparties to the Rejected Leases. The Court, having considered the Motion, finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this matter is core pursuant to 28 U.S.C. § 157(b)(2), (iv) the Court may enter a final order consistent with Article III of the United States Constitution, and (v) notice of the Motion and the Hearing thereon was sufficient under the circumstances and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration and at the Hearing

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and it appearing that the relief requested in the

Motion and the representations made by Debtors' counsel at the Hearing, is in the best interests of

the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings

had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Rejected Leases listed on **<u>Exhibit 1</u>** attached hereto are rejected effective as of

the later of (i) the date of entry of this Order and (ii) the date the Debtors relinquish control of the

applicable leased premises by notifying the affected landlord in writing of the Debtors' irrevocable

surrender of the premises and (a) have turned over the keys, key codes, or security codes, if any,

to the landlord or (b) have notified the landlord in writing that the key, key codes, or security codes,

if any, are not available and that the landlord may re-key the leased premises (hereinafter, the

"<u>Rejection Date</u>").

3.      The Debtors are authorized to abandon any Personal Property remaining at each

Leased Premises associated with the Rejected Leases pursuant to section 554(a) of the Bankruptcy

Court effective as of the Rejection Date without the applicable Counterparty incurring liability to

any person or entity, and upon such abandonment as of the Rejection Date, the Counterparty is

permitted to use or dispose of any remaining property at such Leased Premises without notice or

liability to the Debtors or any third person or entity, and to the extent applicable, the automatic

stay is modified to allow for such disposition. To the extent the Debtors seek to abandon Personal

Property that contain any "personally identifiable information," as that term is defined in section

101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the

Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

4.       Absent further Order of the Court, the Counterparty for each Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Lease or the rejection, breach or termination of such Rejected Lease on ore before the date that is thirty (30) days after entry of this Order, failing which such claim or claims by the Counterparty shall be forever barred absent further Order of the Court. The Debtors reserve all rights to contest any such claim and to contest the characterization of each Rejected Lease, as executory or not.

5.       The Debtors do not waive any claims that the Debtors may have against the Counterparty to any Rejected Lease, whether or not such claims are related to such Rejected Lease.

6.       Nothing herein shall prejudice the rights of the Debtors or any party in interest to argue that any of the Rejected Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume or adopt any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8.      Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

9.      Notwithstanding the foregoing, the Debtors' abandonment of their interests in any equipment or other Personal Property belonging to PepsiCo Sales, Inc., its affiliates, or affiliated bottlers (collectively, the "Pepsi Entities") shall not sever or otherwise impact any ownership interests of the Pepsi Entities in any equipment or Personal Property being abandoned or the rights of the Pepsi Entities with respect thereto.

10.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

13.     Notwithstanding Bankruptcy Rule 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

**<u>Exhibit 1</u>**

**Rejected Leases**

| Item | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 1 | RED LOBSTER HOSPITALITY LLC | 13612 HARBOR BOULEVARD LLC<br>2058 N MILLS AVENUE, SUITE 435<br>CLAREMONT, CALIFORNIA 91711-2812 | RL1_0157 | LEASE FOR STORE NO. #0157<br>8900 GOLDEN VALLEY ROAD, GOLDEN VALLEY, MINNESOTA |
| 2 | RED LOBSTER RESTAURANTS LLC | ALEXANDRIA SEAFOOD, LLC<br>15942 SHADY GROVE ROAD<br>GAITHERSBURG, MARYLAND 20877 | RL1_0235 | LEASE FOR STORE NO. #0235<br>555 S. VAN DORN STREET, ALEXANDRIA, VIRGINIA |
| 3 | RED LOBSTER HOSPITALITY LLC | BDG SUFKA LLC<br>C/O BLUMENFELD DEVELOPMENT GROUP<br>300 ROBBINS LANE<br>SYOSSET, NY 11791 | RL1_6388 | LEASE FOR STORE NO. #6388<br>925 HUNTS POINT AVE, BRONX, NY 10459 |
| 4 | RED LOBSTER RESTAURANTS LLC | BIG RED LLC C/O BRYAN W FAIRFIELD MANAGER<br>6121 OLD STATE ROAD<br>25 N LAFAYETTE, INDIANA 47905-9718 | RL1_0610 | LEASE FOR STORE NO. #0610<br>4353 FRANKLIN STREET, MICHIGAN CITY, INDIANA |
| 5 | RED LOBSTER HOSPITALITY LLC | CHRISTINE B. CUNNING, AS TRUSTEE OF THE HERZMAN NIECES EXEMPT TRUST U/D/T DECEMBER 15, 1972, A CALIFORNIA IRREVOCABLE TRUST<br>P.O. BOX 3129<br>SAN DIEGO, CALIFORNIA 92163-1129 | RL1_0494 | LEASE FOR STORE NO. #0494<br>1604 N STATE ROAD ROUTE 50, BOURBONNAIS, ILLINOIS |
| 6 | RED LOBSTER HOSPITALITY LLC | FIRST ARIZONA RL ASSOCIATES, LLC<br>80 NASHUA RD STE A4<br>LONDONDERRY, NEW HAMPSHIRE 03053-3419 | RL1_6333 | LEASE FOR STORE NO. #6333<br>1521 S. YUMA PALMS PARKWAY, YUMA, ARIZONA |
| 7 | RED LOBSTER HOSPITALITY LLC | GENEVA RL VENTURE, LLC<br>C/O LEON NOVAK6400 POWERS FERRY RD NW STE 100<br>ATLANTA, GEORGIA 30339-2907 | RL1_6299 | LEASE FOR STORE NO. #6299<br>902 COMMONS DRIVE, GENEVA, ILLINOIS |
| 8 | RED LOBSTER RESTAURANTS LLC | GINA EL SINEITTI ESTATE C/O ZAKI EL KOOSI EXECUTOR<br>804 BOARDWALK PL<br>REDWOOD CITY, CALIFORNIA 94065-1804 | RL1_0153 | LEASE FOR STORE NO. #0153<br>709 INDEPENDENCE BLVD., VIRGINIA BEACH, VIRGINIA |
| 9 | RED LOBSTER HOSPITALITY LLC | HACIK/ALIN URUN<br>17914 MEDLEY DR<br>ENCINO, CALIFORNIA 91316-4341<br><br>10920 MOORPARK ST<br>650 SOUTH HILL STREET, SUITE M-11<br>LOS ANGELES, CA 90014 | RL1_0039 | LEASE FOR STORE NO. #0039<br>5110 N 9TH AVE, PENSACOLA, FLORIDA |
| 10 | RED LOBSTER HOSPITALITY LLC | HENDRIE FAMILY PROPERTIES, LLC<br>100 S.E. 2ND STREET, SUITE 3400<br>MIAMI, FLORIDA 33131 | RL1_0458 | LEASE FOR STORE NO. #0458<br>326 MIRACLE STRIP PKWY S.W., FORT WALTON BEACH, FLORIDA |
| 11 | RED LOBSTER RESTAURANTS LLC | HORLBECK,LLC, ALEXANDER G. THOMPSON, RUTH ANN CURRY, TRUSTEE OF THE RUTH ANN CURRY TRUST #1 DATED OCTOBER 12, 1994 & MG ASSOCIATES, LLC C/O THOMPSON & COMPANY<br>PO BOX 50909  COLUMBIA, SOUTH CAROLINA 29250 | RL1_0172 | LEASE FOR STORE NO. #0172<br>1270 KNOX ABBOTT DRIVE, CAYCE, SOUTH CAROLINA |
| 12 | RED LOBSTER HOSPITALITY LLC | JAMES MCGRATH<br>2000 W. PIONEER PARKWAY SUITE 13<br>PEORIA, ILLINOIS 61615<br><br>TERENCE J. MCGRATH, EXECUTOR OF ELEANOR L. MCGRATH ESTATE<br>4802 NORTH IDLEWOOD COURT<br>PEORIA, ILLINOIS 61614<br><br>LAURENCE M. MCGRATH<br>5627 NORTH ARROW DRIVE<br>PEORIA, ILLINOIS 61614<br><br>EUGENIA F. HAASIS TRUST & MARY R. STAMBERGER, TRUSTEE<br>332 RUSTIC VIEW TRAIL<br>DECATUR, ILLINOIS 62521 | RL1_0473 | LEASE FOR STORE NO. #0473<br>4625 N STERLING AVE, PEORIA, ILLINOIS |
| 13 | RED LOBSTER RESTAURANTS LLC | MOORLAND MEDICINE LLC<br>8804 POTOMAC STATION LN<br>POTOMAC, MARYLAND 20854-3983 | RL1_0055 | LEASE FOR STORE NO. #0055<br>6550 TARA BLVD, JONESBORO, GEORGIA |
| 14 | RED LOBSTER RESTAURANTS LLC | PINE VIEW VILLAGE, LLC<br>10231 PRESTWICK TRAIL<br>LONE TREE, COLORADO 80124 | RL1_0364 | LEASE FOR STORE NO. #0364<br>4925 N ACADEMY BLVD, COLORADO SPRINGS, COLORADO |
| 15 | RED LOBSTER HOSPITALITY LLC | QUEENSBURY PLAZA I, LLC<br>C/O FLAUM MANAGEMENT COMPANY, INC. 400 ANDREWS STREET, SUITE 500<br>ROCHESTER, NEW YORK 14604 | RL1_0788 | LEASE FOR STORE NO. #0788<br>750 UPPER GLEN STREET, QUEENSBURY, NEW YORK |
| 16 | RED LOBSTER HOSPITALITY LLC | R&H PROPERTIES LP<br>2243 E DEL RAE DR<br>FLAGSTAFF, ARIZONA 86005-2763 | RL1_6220 | LEASE FOR STORE NO. #6220<br>8909 US HIGHWAY 19, PORT RICHEY, FLORIDA |

| Item | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|------|--------|------------------------|-----------|----------------------|
| 17 | RED LOBSTER RESTAURANTS LLC | R.Y.G. REALTY, INC. / ATTN YURY GNESIN<br>17070 COLLINS AVE STE 255<br>SUNNY ISLES BEACH, FLORIDA 33160-3635 | RL1_0722 | LEASE FOR STORE NO. #0722<br>304 A WESTERN BLVD., JACKSONVILLE, NORTH CAROLINA |
| 18 | RED LOBSTER HOSPITALITY LLC | RAINBOW INVESTMENT CO LP C/O ATTN TENANT RELATIONS<br>10620 TREENA STREET, SUITE 110<br>SAN DIEGO, CA 92131 | RL1_0504 | LEASE FOR STORE NO. #0504<br>8703 MURRAY DRIVE, LA MESA, CA 91942 |
| 19 | RED LOBSTER RESTAURANTS LLC | RL1AK LLC<br>C/O RL1AK LLCPO BOX 124<br>MAMARONECK, NEW YORK 10543-0124 | RL1_0202 | LEASE FOR STORE NO. #0202<br>8407 W. MARKHAM STREET, LITTLE ROCK, ARKANSAS |
| 20 | RED LOBSTER HOSPITALITY LLC | SPM ACQUISITION LLC C/O SPINOSO REAL ESTATE GROUP<br>112 NORTHERN CONCOURSE<br>NORTH SYRACUSE, NEW YORK 13212<br><br>SPM ACQUISITION LLC ATTN: GENERAL MANAGER<br>500 SOUTHPARK CENTER<br>STRONGSVILLE, OHIO 44136 | RL1_6312 | LEASE FOR STORE NO. #6312<br>17227 SOUTHPARK CENTER, STRONGSVILLE, OHIO |
| 21 | RED LOBSTER HOSPITALITY LLC | THE 2015 HONG FAMILY TRUST DBA THE 2015 HONG FAMILY TRUST<br>24641 WILLOW TER<br>HARBOR CITY, CALIFORNIA 90710-4570 | RL1_6251 | LEASE FOR STORE NO. #6251<br>12515 ELM CREEK BLVD.,N., MAPLE GROVE, MINNESOTA |
| 22 | RED LOBSTER RESTAURANTS LLC | THE R&T WEATHERBY FAMILY TRUST<br>TRUSTEE AND MARY KATHERINE DARIN<br>39629 N 106TH ST<br>SCOTTSDALE, ARIZONA 85262-3384 | RL1_6339 | LEASE FOR STORE NO. #6339<br>4415 S. LABURNUM AVE, RICHMOND, VIRGINIA |
| 23 | RED LOBSTER RESTAURANTS LLC | THF MAPLEWOOD OUTPARCEL DEVELOPMENT LLC<br>C/O TKG MANAGEMENT INC<br>211 NORTH STADIUM BLVD<br>COLUMBIA, MISSOURI 65203 | RL1_6324 | LEASE FOR STORE NO. #6324<br>2381 MAPLEWOOD COMMONS DRIVE, MAPLEWOOD, MISSOURI |