**ORDERED.**

Dated: August 26, 2024

Grace E. Robson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER<br>Lead Case |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

| | |
|---|---|
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.
_____/

### ORDER GRANTING JOINT MOTION OF THE DEBTORS AND KIN PROPERTIES, INC., DIAJEFF LLC AND ESUE LLC RESOLVING CURE OBJECTION AND RELATED OBJECTIONS

**THIS CASE** came before the Court, without a hearing, upon the *Joint Motion of the Debtors and Kin Properties, Inc., Diajeff LLC and Esue LLC for the Entry of an Order Resolving Cure Objection and Related Objections* [ECF No. 935] (the "Joint Motion"). The Court, having considered the Joint Motion, noting that the Parties[2] have agreed upon the Agreed Cure Amounts as set forth on Exhibit 1 attached hereto, finding good cause for the granting of the relief requested therein, and being otherwise duly advised in the premises, it is hereby

**ORDERED** that:

1. The Joint Motion is **GRANTED**.

2. The Saint Petersburg Lease shall constitute an Assigned Contract for purposes of the Cure Notices.

3. In the event that any Counterparty's Assigned Contract, including, without limitation, the Saint Petersburg Lease, is assumed or assumed and assigned by the Debtors, such Counterparty's Agreed Cure Amount shall total the amount set forth on **Exhibit 1** attached hereto.

4. Entry of this Order establishes the applicable Agreed Cure Amount for each Counterparty, as set forth in paragraph 2 above, provided, for the avoidance of doubt, that any accrued and invoiced obligations under any Assigned Contract that are not yet past due, including,

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joint Motion or Sales Procedures Order, as applicable.

without limitation, tax obligations, will be paid when due consistent with the terms of the applicable Assigned Contract without need for the applicable Counterparty to file a further supplemental cure objection to assert such amount. For the avoidance of doubt, if any Counterparty's Assigned Contract is rejected by the Debtors pursuant to section 365 of the Bankruptcy Code then such Counterparty shall be required to file an administrative expense claim on account of accrued but unpaid post-petition charges on or before the administrative expense claim bar date to be set by the Court.

5. All other objections to assumption or assumption and assignment of any Counterparty's Leases, other than the Cure Objection, are fully preserved and unaffected by this Order, and the Counterparty, the Debtors, and the assignee (if any) reserve all rights related thereto.

6. The portion of the Objection [ECF No. 550] relating to the Cure Amount listed by the Debtors in one or more of the Cure Notices in connection with each Counterparty's Assigned Contract is overruled as moot.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

# **Exhibit 1**

## **Agreed Cure Amounts**

| Contract # | Debtor | Counterparty | Description of Agreement | Agreed Cure Amount |
|---|---|---|---|---|
| 1179 | Red Lobster Hospitality LLC | DIAJEFF LLC C/O KIN PROPERTIES, INC. | LEASE FOR RESTAURANT # 17 | $924.50 |
| 1407 | Red Lobster Hospitality LLC | ESUE LLC | LEASE FOR RESTAURANT # 27 | $0.00 |
| N/A | Red Lobster Hospitality LLC | DIAJEFF LLC C/O KIN PROPERTIES, INC. | LEASE FOR RESTAURANT # 19 | $0.00 |