# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER<br>Lead Case |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |
| Debtors. | |
| _____/ | |

## JOINT MOTION OF THE DEBTORS AND SPEEDWAY95, LLC FOR THE ENTRY OF AN ORDER RESOLVING CURE OBJECTION

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Speedway95, LLC (the "Counterparty" and, along with the Debtors, the "Parties"), by and through their undersigned counsel, file this joint motion (the "Joint Motion") for the entry of an order approving the Parties' resolution of the cure amounts asserted by the Counterparty in their Cure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

13227719-1

Objection (defined below). As grounds in support of this Joint Motion, the Parties state as follows:

1. On June 14, 2024, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter into Stalking Horse Agreement and to Provide Bidding Protections Thereunder, (III) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (VI) Granting Related Relief* [ECF No. 386] (the "Sale Procedures Order").[2]

2. In accordance with the Sales Procedures Order, on June 28, 2024, the Debtors filed the *Notice to Contract Parties of Potentially Assumed and Assigned Executory Contracts and Unexpired Leases and Any Cure Costs Associated Therewith in Connection with Sale of Debtors' Assets* [ECF No. 476] (the "Initial Cure Notice") which set forth a schedule of Cure Amounts (as defined in the Initial Cure Notice) for certain Assigned Contracts (the "Initial Cure Amounts").

3. On July 2, 2024, the Debtors filed the *First Supplemental Notice to Contract Parties of Potentially Assumed and Assigned Executory Contracts and Unexpired Leases and Any Cure Costs Associated Therewith in Connection with Sale of Debtors' Assets* [ECF No. 484] (the "Supplemental Cure Notice" and together with the Initial Cure Notice, the "Cure Notices") which sets forth a schedule of Cure Amounts for certain Assigned Contracts not previously identified in the Initial Cure Notice (the "Supplemental Cure Amounts" and together with the Initial Cure Amounts, the "Cure Amounts").

4. Following the filing of the Cure Notices, the Counterparty filed an objection at ECF No. 543 (the "Objection") to the Cure Amount listed by the Debtors in one of the Cure Notices in connection with the Assigned Contract pertaining to the Counterparty (the "Cure Objection"), which the Debtors dispute.

5. By way of this Joint Motion, the Parties have agreed to resolve their dispute

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

2

pertaining to the Counterparty's Cure Amount in the event that the Counterparty's Assigned Contract is assumed or assumed and assigned by the Debtors; namely: in either of those events, the Counterparty's Cure Amount shall total the amounts set forth on Exhibit 1 of the proposed Order attached hereto as **Exhibit A** (in each case, the "Agreed Cure Amount").

6. The Debtors intend to attach a list of all updated Cure Amounts, including each Agreed Cure Amount, to the Plan Supplement that the Debtors will file in accordance with the *Order Granting Debtors' Expedited Motion for Entry of an Order (I) Conditionally Approving Disclosure Statement for the Proposed Joint Chapter 11 Plan of Red Lobster Management LLC and its Debtor Affiliates, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Proposed Joint Chapter 11 Plan of Red Lobster Management LLC and its Debtor Affiliates, and (III) Granting Related Relief* [ECF No. 736].

**WHEREFORE**, the Parties respectfully request that the Court grant this Joint Motion by entering an Order in substantially in the form attached hereto as **Exhibit A** and, thereby, approve each Agreed Cure Amount and grant any further relief which this Court deems just and proper.

*Signature Pages to Follow*

Dated:   August 26, 2024

Respectfully submitted,

*/s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email:  singerman@bergersingerman.com

W. Austin Jowers (admitted *pro hac vice*)
Jeffrey R. Dutson (admitted *pro hac vice*)
Sarah L. Primrose (FL Bar No. 98742)
Christopher K. Coleman (admitted *pro hac vice*)
Brooke L. Bean (admitted *pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone:   (404) 572-4600
Email:  ajowers@kslaw.com
        jdutson@kslaw.com
        sprimrose@kslaw.com
        christopher.coleman@kslaw.com
        bbean@kslaw.com

- and –

Nicolette C. Vilmos
Florida Bar No. 469051
**BERGER SINGERMAN LLP**
111 N. Magnolia Avenue
Suite 1450
Orlando, FL 32801
Telephone: (407) 743-7900
Email:  nvilmos@bergersingerman.com

– and –

Michael Fishel (admitted *pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:   (713) 751-3200
Email:  mfishel@kslaw.com

*Filer's Attestation:  Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.*

*Counsel for Debtors and Debtors-in-Possession*

/s/  *J. Ellsworth Summers, Jr.*
J. Ellsworth Summers, Jr., Esq.
Florida Bar No. 0015769
201 N. Franklin Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 221-2626
Email: esummers@burr.com

*Counsel for Counterparty*

4

13227719-1

## EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER<br>Lead Case |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

13227748-1

| | |
|---|---|
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

      Debtors.

_____/

## ORDER GRANTING JOINT MOTION OF THE DEBTORS AND SPEEDWAY95, LLC RESOLVING CURE OBJECTION

**THIS CASE** came before the Court, without a hearing, upon the *Joint Motion of the Debtors and Speedway95, LLC for the Entry of an Order Resolving Cure Objection* [ECF No. ___] (the "Joint Motion"). The Court, having considered the Joint Motion, noting that the Parties[2] have agreed upon the Agreed Cure Amounts as set forth on Exhibit 1 attached hereto, finding good cause for the granting of the relief requested therein, and being otherwise duly advised in the premises, it is

**ORDERED** that:

1. The Joint Motion is **GRANTED**.

2. In the event that the Counterparty's Assigned Contract is assumed or assumed and assigned by the Debtors, the Counterparty's Agreed Cure Amount shall total the amount set forth on **Exhibit 1** attached hereto.

3. The Objection [ECF No. 543], including, without limitation, the Cure Objection, is overruled as moot.

4. Entry of this Order establishes the applicable Agreed Cure Amount for each Counterparty, as set forth in paragraph 2 above, provided, for the avoidance of doubt, that any accrued and invoiced obligations under the Counterparty's Assigned Contract that are not yet past due, including, without limitation, tax obligations, will be paid when due consistent with the terms

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joint Motion or Sales Procedures Order, as applicable.

of the applicable Assigned Contract without need for the Counterparty to file a further supplemental cure objection to assert such amount. For the avoidance of doubt, if the Counterparty's Assigned Contract is rejected by the Debtors pursuant to section 365 of the Bankruptcy Code then the Counterparty shall be required to file an administrative expense claim on account of accrued but unpaid post-petition charges on or before the administrative expense claim bar date to be set by the Court.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

3

13227748-1

## Exhibit 1

## Agreed Cure Amounts

| Contract # | Debtor | Counterparty | Description of Agreement | Agreed Cure Amount |
|---|---|---|---|---|
| 3731 | Red Lobster Hospitality LLC | SPEEDWAY95, LLC | LEASE FOR RESTAURANT # 71 | $0.00 |