**ORDERED.**

**Dated: September 03, 2024**

_Grace E. Robson_
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RED LOBSTER MANAGEMENT LLC,[1] | Case No. 6:24-bk-02486-GER<br>Lead Case |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

13234231-1

| | |
|---|---|
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

Debtors.
_____/

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM NOS. 10267, 10268 AND 10269 FILED BY EDWARD BRACHMAN AND/OR LEORA FRIEDMAN**

**THIS CASE** came before the Court upon the objection (the "Objection")[2] [ECF No. 788] of the Debtors, pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order (this "Order") striking and disallowing Claim Nos. 10267, 10268, and 10269 (collectively, the "Claims") filed by Edward Brachman and/or Leora Friedman; and upon consideration of the record of these Chapter 11 cases and the *Declaration of Nicholas Haughey in Support of Debtors' Objection to Claim Nos. 10267, 10268, and 10269 Filed by Edward Brachman and/or Leora Friedman*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided to all interested parties; the Court having noted that the Objection contained the negative notice legend approved by the Court by Order dated August 1, 2024 [ECF No. 760], which informed the parties of their opportunity to respond within 21 days of the date of service; the Court having noted that no party filed a response within the time permitted and the Court therefore considers the matter to be unopposed; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

13234231-1

in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED THAT:**

1. The Objection is sustained.

2. That Claims are **STRICKEN AND DISALLOWED** in their entirety.

3. The Debtors are authorized to modify the Claims Register to reflect the relief granted by this Order.

4. Nothing in this Order shall affect any party's rights with respect to the Claims as modified, and all parties' rights with respect to such claims are reserved.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' rights to dispute any claim, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; or (v) a waiver or limitation of any of the Debtors' rights under the Plan, the Bankruptcy Code, or applicable law.

6. The Claims and the Objection by the Debtors thereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to the Claims. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4

7. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8. The Court shall retain jurisdiction to construe and enforce this Order.

# # #

*(Attorney Paul Steven Singerman is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*